Saul Moskoff, J.
The petitioner in this paternity proceeding applies for an order authorizing the service of process on the respondent outside the State of New York.
Coneededly, the respondent is at the present time a nondomiciliary of the State of New York, having removed therefrom since the filing of the petition herein. He now resides, according to the petitioner, in the State of Pennsylvania.
Petitioner bottoms her application principally on the provisions of section 165 of the Family Court Act and CPLR 302 and CPLR 313. However, an examination of these statutes reveal their inapplicability to the pending proceeding.
It is settled that the provisions of the CPLE, to the extent “ appropriate ” are applicable to the Family Court (Schwartz v. Sclvwartz, 23 A D 2d 204). It follows that if the sections of the CPLR relied on by the petitioner authorize the relief, the relief sought may be granted.
CPLR 313 permits personal service outside the State of any person “ subject to the jurisdiction of the courts of the state under section 301 or 302 ”. The petitioner contends respondent is subject to this court’s jurisdiction under CPLR 302 on the theory that, in siring the petitioner’s child, he committed “ a tortious act ’ ’.
CPLR 302 is applicable only where the act which forms the basis of the cause of action resulted from (1) the transaction of business in the State of New York, (2) the commission of a tortious act or (3) the ownership, use and operation of real estate.
Obviously, the cause of action at bar did not arise out of the transaction of business or ownership, use and operation of real estate in New York State. If jurisdiction under CPLR 302 lies, it must be based on the commission of a tortious act in this State.
This proceeding is not one predicated on a tortious act (cf. Hoard v. U. S. Paint, Lacquer & Chem. Co., 44 Misc 2d 72). An act leading to pregnancy need not constitute a tortious act. Indeed, petitioner, indicates the relationship between her and the respondent was voluntary and of comparatively long standing.
The petitioner’s reliance on State of New York v. Davies (24 A D 2d 240) is unavailing. That case holds that CPLR 302 is applicable to a defendant who is a domiciliary at the time of service as well as a defendant who is a nondomiciliary both at the time of the commission of the act and at the time of service. This principle would apply to the respondent in this proceeding *677 were it not for an important factor distinguishing the instant matter from the cited case.
In Davies, the cause of action arose from acts ‘‘ tortious or contractual in nature.” Here, the gravamen of the petition is sounded neither in tort nor contract. To put it another way, this paternity proceeding did not necessarily arise from any of the acts enumerated in CPLR 302.
The petitioner is not without a remedy if she cannot effect service within the State. She may proceed in accordance with the provisions of the Uniform Support of Dependents Law (Domestic Relations Law, art. 3-A).
The application is denied without prejudice however to a renewal upon papers establishing that this paternity proceeding is based on “ tortious ” acts committed within the State of New York.