**Helen Poindexter, Plaintiff-Appellee, v. Norman Willis, Defendant-Appellant.**

**Gen. No. 67–28.**

Fifth District.

October 23, 1967.

213

Armbruster & Diaz, of Alton (Ross Armbruster, of counsel), for appellant.

Green and Hoagland, of Alton (James K. Almeter, of counsel), for appellee.

MORAN, P. J.

Defendant appeals from a judgment of the Circuit Court of Madison County, Illinois, rendered pursuant to the Illinois Paternity Act, chapter 106¾, section 51–66, which found defendant to be the father of plaintiff's child and ordered him to pay for its support and maintenance, and to pay for certain medical expenses incurred in the birth of said child.

Plaintiff filed a complaint against the defendant in the Circuit Court of Madison County, Illinois, alleging that she was a resident of Madison County, Illinois; that she was the mother and defendant the father of a child born out of wedlock on July 22, 1964, as a result of her

being seduced by the defendant on several occasions in Champaign, Illinois; that although the defendant was a resident of the State of Ohio, he had subjected himself to the jurisdiction of the courts of Illinois by committing tortious acts within the meaning of Ill Rev Stats, c 110, § 17(1) (b) and was therefore subject to personal service outside the State of Illinois pursuant to Ill Rev Stats, c 110, § 16.

Personal service was made on the defendant in the State of Ohio pursuant to chapter 110, section 16. Defendant filed a motion challenging the trial court's jurisdiction over his person on the ground that he was not amenable to service in Ohio since he was not a resident of the State of Illinois and since the complaint did not charge him with committing a tortious act in the State of Illinois within the meaning of chapter 110, section 17(1) (b). After the denial of his motion he filed an answer denying the allegations of the complaint and also renewing his objection to the trial court's jurisdiction over his person.

Defendant did not appear at the trial. Plaintiff testified to several acts of intercourse between herself and defendant while both were attending school at the University of Illinois; that she became pregnant and went home to Alton, Illinois, where the baby was born; that when she became pregnant she wrote to the defendant, but he offered her no help.

The trial judge found the issues in favor of the plaintiff and ordered the defendant to pay plaintiff the sum of $1,460 for the reasonable expenses incurred in the birth and also ordered him to pay the sum of $100 per month for the support and maintenance of said child.

Appellant does not question the validity of chapter 110, sections 16 and 17 of the Illinois Civil Practice Act, but argues only that a proper construction of said Act precludes a valid service of process on him in Ohio

because the violation of a duty under the Paternity Act would constitute a tortious act committed in the State of Illinois within the meaning of section 17(1)(b).

The Illinois Paternity Act of 1957 places a duty on the father of a child born out of wedlock whose paternity is established under the Act to support the child until the child is 18 or is legally adopted to the same extent and in the same manner as a child born in lawful wedlock. He is also liable for the reasonable expense of the mother during her pregnancy, confinement and recovery which liability is established in the paternity proceeding. The suit must be filed by the mother of the child born out of wedlock or a mother who is pregnant with child. The proceedings under the Act are civil in nature and are governed by the provisions of the Illinois Civil Practice Act. (Ill Rev Stats, c 106¾, § 51–66.)

Section 16 of the Civil Practice Act provides that summons may be personally served upon any party outside the State; and that as to nonresidents who have submitted to the jurisdiction of our courts, such service has the force and effect of personal service within Illinois. (Ill Rev Stats 1959, c 110, § 16.) Under section 17(1)(b) a nonresident who, either in person or through an agent, commits a tortious act within this State submits to jurisdiction. (Ill Rev Stats 1959, c 110, § 17.) The question in this case is whether a tortious act was committed here, within the meaning of the statute.

Appellant argues that the statutory action for paternity does not contemplate nor is it based upon the commission of a tortious act; that the sexual intercourse alleged and testified to was consented to by both parties and in such case neither has committed a tort against the other.

Our Supreme Court has not taken so restrictive a view of sections 16 and 17 of the Civil Practice Act as that urged by the appellant. In Nelson v. Miller, 11 Ill2d 378, 143 NE2d 673, the court said: "The foundations of

jurisdiction include the interest that a State has in providing redress in its own courts against persons who inflict injuries upon, or otherwise incur obligations to, those within the ambit of the State's legitimate protective policy. The limits on the exercise of jurisdiction are not 'mechanical or quantitative.' " Id. at 384. "Sections 16 and 17 of the Civil Practice Act reflect a conscious purpose to assert jurisdiction over nonresident defendants to the extent permitted by the due-process clause." Id. at 389. "The jurisdictional fact, in the language of section 17(1)(b) is 'the commission of a tortious act within this State.' The word 'tortious' can, of course, be used to describe conduct that subjects the actor to tort liability. For its own purposes the Restatement so uses it. (Restatement, Torts, Par 6.) It does not follow, however, that the word must have that meaning in a statute that is concerned with jurisdictional limits." Id. at 391–392. "It is unnecessary to interpret section 17(1)(b) as conferring jurisdiction only where the defendant's conduct in the State gives rise to liability to the plaintiff in tort." Id. at 393. In Gray v. American Radiator & Sanitary Corp., 22 Ill2d 432, 176 NE2d 761, our Supreme Court in discussing chapter 110, section 17(1)(b) said: "In determining legislative intention courts will read words in their ordinary and popularly understood sense. (Cases cited.) We think the intent should be determined less from technicalities of definition than from considerations of general purpose and effect." Id. at 436.

 In accordance with the views expressed by our Supreme Court, we interpret sections 16 and 17 of the Illinois Civil Practice Act to reflect a conscious purpose by the legislature to assert jurisdiction over nonresidents to the extent permitted by the due process clause and therefore hold that the word "tortious" as used in section 17(1)(b) of said Act is not restricted to the technical definition of a tort, but includes any act committed

in this state which involves a breach of duty to another and makes the one committing the act liable to respondent in damages. Therefore, in our opinion, the failure of the father to support an illegitimate child constitutes a tortious act within the meaning of the statute and subjects him to the jurisdiction of the Illinois courts under chapter 110, sections 16 and 17 of the Illinois Civil Practice Act.

For the foregoing reasons, the judgment of the Circuit Court of Madison County is affirmed.

Judgment affirmed.

GOLDENHERSH and EBERSPACHER, JJ., concur.