**TECHNICAL PUBLISHING COMPANY,
Plaintiff,**

v.

**TECHNOLOGY PUBLISHING CORPO-
RATION, Defendant.**

**No. 71 C 1879.**

United States District Court,
N. D. Illinois, E. D.

March 24, 1972.

Winston, Strawn, Smith & Patterson,
Chicago, Ill., for plaintiff.

Michael Levin, Cohen & Levin, Chica-
go, Ill., for defendant.

## MEMORANDUM OPINION
## AND ORDER

McLAREN, District Judge.

This case comes before the Court on
defendant's motion to dismiss for want
of jurisdiction over the person. Plain-
tiff, Technical Publishing Company, has
brought this diversity action for unfair
competition against defendant, Technolo-
gy Publishing Corporation. Both par-
ties publish engineering trade maga-
zines, catalogues, and directories on a
national basis. Plaintiff's principal
place of business is in Illinois; defend-
ant's is in California. Plaintiff claims
defendant is committing a tortious act
against it by its subsequent adoption for
its business and publications of an in-
fringing trade name and designation
substantially similar to plaintiff's trade
name and designation. Defendant was
served in California under the Illinois
"long-arm" statute. Ill.Rev.Stat., ch.
110, § 17. Defendant has made a special
and limited appearance for the purpose
of contesting this Court's jurisdiction
over its person.

The Court finds that the juris-
diction acquired over the defendant is
not inconsistent with due process and
therefore denies the motion to dismiss.

Section 17(1) (a) of the Illinois
"long-arm" statute provides that any
person who transacts business in Illinois
submits to the jurisdiction of its courts
as to any cause of action which arises
from "transacting business" in Illinois.
Section 17(1) (b) has the same effect
where the cause of action arises from

the commission of a tortious act in Illinois.

The "transacting business" language of Section 17(1) (a) has been interpreted to expand the jurisdiction of Illinois courts as broadly as due process permits. Nelson v. Miller, 11 Ill.2d 378, 389, 143 N.E.2d 673, 679 (1957). "Due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

Whether these "sufficient minimum contacts" exist must be ascertained by what is fair and reasonable in the circumstances of the particular situation.

"In applying this flexible test, the relevant inquiry is whether a nonresident has engaged in some act or conduct by which he may be said to have invoked the benefits and protection of the laws of the forum." Hutter Northern Trust v. Door County Chamber of Commerce, 403 F.2d 481, 484 (7th Cir. 1968).

Defendant in its affidavits avers that it is a California corporation with its principal place of business in California, and that it is not licensed to do business in Illinois nor does it maintain any offices or agents in Illinois. However, discovery in this case has brought out the following facts:

1) Defendant's publications have a nationwide circulation.

2) Most of defendant's magazines are provided to subscribers free of charge on a "controlled circulation" basis, *i. e.*, the magazines are sent to qualified recipients, generally designated by occupational characteristics, with costs usually paid by advertisers.

3) For those issues actually sold to readers, defendant estimates it receives $2,840 annually from Illinois subscribers. This constitutes approximately 2% of the total national annual sales to paid subscribers in fiscal 1971.

4) Defendant's publications had a total of 142 paid subscribers in Illinois in 1971.

5) Defendant has at least 34 advertisers with offices in Illinois. Defendant has had sales contact with these advertisers through advertisements in its own publications, direct mailing of promotional materials, and by long distance telephone calls.

6) Defendant estimates it directs 500 telephone conversations, 250 letters, and 1,200 pieces of advertising and promotional material into Illinois annually.

7) Defendant's publications contain "reader service cards." These are prepaid postcard inserts which the reader removes, marks to indicate the advertising about which he desires further information, and then mails to the publisher. The publisher relays the inquiry to the advertiser and the advertiser sends further information to the inquiring reader.

Defendant contends that it does not "transact business" in Illinois within the meaning of Section 17(1) (a) since its activity in Illinois is incidental and not a substantial part of its ordinary business. But, considering paid subscriptions of Illinois subscribers, Illinois telephone calls, and correspondence with Illinois advertisers, there is little question that defendant's business in Illinois was an integral part of its national operation. Wherever a publisher has a national operation, the percentages of its activities carried on in any one state are bound to be small. But, given the nature of a publisher's business operations, and considering that it regularly enjoys the benefits and protection of the laws of the state in which it transacts business, it is not unfair or unreasonable for one such state to require the publisher

to respond to the process of its courts. See Curtis Publ. Co. v. Golino, 383 F.2d 586 (5th Cir. 1967).

It appears that jurisdiction of defendant also arises owing to the commission of an alleged tortious act within Illinois under Ill.Rev.Stat. ch. 110, § 17(1) (b). To satisfy Section 17(1) (b), plaintiff need not show that defendant would be liable to plaintiff as a matter of substantive law, but only that the acts upon which the claim is based took place in Illinois and that the complaint states a cause of action. Nelson v. Miller, 11 Ill.2d 378, 393–394, 143 N.E.2d 673, 681 (1957).

In its complaint, plaintiff has pleaded prior use of the trade name, subsequent and continuing use of a confusingly similar trade name in the Northern District of Illinois by defendant, likelihood of confusion between the two parties' publications, and injury to the plaintiff. This is sufficient to meet the requirements of Section 17(1) (b).

The motion to dismiss is denied.