MR. JUSTICE HODGES
delivered the opinion of the Court.
In a paternity proceeding commenced pursuant to 1967 Perm. Supp., C.R.S. 1963, 22-6-1, et seq., the petitioner requested the trial court to declare the respondent to be the father of her child and to order support payments. An affidavit re military service filed by the petitioner set forth *441 that when the petitioner was acquainted with the respondent, he was in the military service in Colorado, but that he later separated from military service and returned to “his home state of North Carolina and is employed there.” Copies of the petition and summons were served on respondent in the state of North Carolina. He did not enter an appearance. The trial court made a determination on its own motion that it lacked jurisdiction over the respondent and therefore dismissed the petition. The petitioner appealed this dismissal.
We granted certiorari to review an affirmance of the trial court’s disposition by our Court of Appeals in People In the Interest of D.R.B., 30 Colo. App. 603, 498 P.2d 1166. It was therein held that in a paternity action, our courts do not acquire jurisdiction over a non-resident respondent by virtue of personal service in the state of his residence pursuant to 1965 Perm. Supp., C.R.S. 1963, 37-1-26(c) of our so-called “long-arm statute.” We are in agreement with this holding.
1965 Perm. Supp., C.R.S. 1963, 37-1-26 provides in part:
“Jurisdiction of courts. — (l)(a) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person, and, if a natural person his personal representative, to the jurisdiction of the courts of this state, concerning any cause of action arising from:
* * *
“(c) The commission of a tortious act within this state;
1965 Perm. Supp., C.R.S. 1963, 37-1-27 in part states that:
“(1) Service of process upon any person subject to the jurisdiction of the courts of Colorado may be made by personally serving the summons upon the defendant outside this state, in the manner prescribed by the Colorado rules of civil procedure, with the same force and effect as if the summons had been personally served within this state.”
The primary issue for determination in a paternity case is whether the alleged father is, in fact, the father. In order to make our long-arm statute operative, it would have *442 to be held that the act of siring a child is a “tortious act” comnitted in Colorado. We have considered the numerous definitions of a “tort” and “a tortious act” and none of them, by the application of the most liberal rules of construction, would tolerate the inclusion of an act of sexual intercourse between consenting adult parties, which, in the absence of allegations showing otherwise, is the nature of the act involved in the paternity case.
In Vandermee v. District Court, 164 Colo. 117, 433 P.2d 335 (1967), we discussed our long-arm statute in connection with an alleged act of negligence in the manufacturing of a crane. The defective crane, while being operated in Colorado, caused injury to a Colorado resident. We therein indicated that our long-arm statute should be liberally construed to accomplish its legislative purpose of expanding the jurisdiction of our courts within constitutional limitations in order to provide a local forum for Colorado residents who suffer damages in Colorado as the result of the tortious acts of non-residents. We do not agree with the petitioner’s argument that Vandermee stands for the proposition that “tortious act” should be so liberally construed as to encompass within its meaning an act of the kind involved here.
Petitioner relies heavily upon Poindexter v. Willis, 87 Ill. App. 2d 213, 231 N.E.2d 1 (1967) to support her contention that the trial court did acquire personal jurisdiction of the respondent. That case seems to go off on the premise that failure to support was a wrong which the legislature intended to include within the meaning of “tortious act.” But failure to support is actually only an ancillary issue in a paternity case, where the main question for determination is: Is the respondent the father of the child? If a respondent is found to be the father, then it automatically follows that he has violated his responsibility for support. Therefore, we do not regard Poindexter as a suitable case upon which to rely for a resolution of the issue posed here.
There is a dearth of well-reasoned cases on the exact issue of this case. One case which we believe should be noted is Anonymous v. Anonymous, 49 Misc. 2d 675, 268 N.Y.S. *443 2d 710 (1966) which held in a situation similar to the instant case that the act of siring a child is not a tortious act.
Since the petition here did not allege a tortious act committed in Colorado, the trial court properly determined that it had no jurisdiction over the non-resident respondent by virtue of service of summons upon him under our long-arm statute.
Judgment affirmed.
MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY dissent.