Argued February 5, peremptory writ to issue March 13, 1975

STATE ex rel POOLE, *Plaintiff, v.*
DORROH, *Defendant.*

532 P2d 794

*Carl Burnham, Jr.,* of Yturri, O'Kief, Rose & Burnham, Ontario, argued the cause and filed briefs for plaintiff.

*F. J. Yraguen,* Vale, District Attorney for Malheur County, argued the cause and filed a brief for defendant.

HOWELL, J.

This is an original proceeding in mandamus to require the defendant judge of the Circuit Court for

Malheur County to quash the service of a citation and petition in a filiation proceeding.

The petitioner in the filiation proceeding, after alleging that she resides in Ontario, Oregon, and is the mother of a child born out of wedlock, alleges that the father now resides in Boise, Idaho, and the child was conceived in June, 1969. The prayer of the petition asks that the defendant father be required to appear and show cause why he should not be found to be the father and to pay support.

The defendant father, who was personally served in Idaho, appeared specially and filed a motion to quash the service of the petition and citation on the grounds that he is not a resident of Oregon and was not served within Oregon. The trial court denied the motion to quash and defendant in the filiation proceeding filed a petition for an alternative writ of mandamus, which we allowed.

Our statute, ORS 14.035, commonly known as the "long-arm" statute, states in pertinent part:

> "(1) Any person, firm or corporation whether or not a citizen or a resident of this state, who, in person or through an agent, does any of the actions enumerated in this subsection, thereby submits such person and, if an individual, his personal representative to the jurisdiction of the courts of this state, as to any cause of action or suit or proceeding arising from any of the following:
> "* * * * *.
> "(b) The commission of a tortious act within this state;
> "* * * * *."

The defendant judge herein contends that the failure of the father to support his child constitutes a "tortious act" committed within this state. A secondary

question is whether the act of intercourse in conceiving the child is a tortious act committed within this state.

The few courts that have passed upon the question of whether an act of intercourse resulting in conception of a child or the failure to support the child constitutes a "tortious act" within the state are divided upon the question.

The Supreme Court of Colorado has held that an act of sexual intercourse between two consenting adults does not constitute a tortious act for the purpose of the Colorado long-arm statute. *A.R.B. v. G.L.P.,* 180 Colo 439, 507 P2d 468 (1973). To the same effect is the decision of the Family Court of the City of New York, Queen County, in *Anonymous v. Anonymous,* 49 Misc 2d 675, 268 NYS2d 710 (1966).

On the other hand, the Supreme Courts of Minnesota and Tennessee and the appellate courts of Arizona, Illinois and Indiana have held that the state's long-arm statute gave the state jurisdiction over a non-resident father in filiation proceedings. *State ex rel Nelson v. Nelson,* 298 Minn 438, 216 NW2d 140 (1974); *Gentry v. Davis,* 512 SW2d 4 (Tenn 1974); *Backora v. Balkin,* 14 Ariz App 569, 485 P2d 292 (1971); *Poindexter v. Willis,* 87 Ill App 2d 213, 231 NE2d 1 (1967); *Neill v. Ridner,* 153 Ind App 149, 286 NE2d 427 (1972). However, in all of those cases the courts were careful to point out the petition alleged that the act of intercourse resulting in the birth of the child occurred in the state seeking jurisdiction under its long-arm statute.

In the instant case it is not necessary for us to decide whether the act of intercourse or failure to

support constitutes a tortious act under ORS 14.035 because the petition is fatally defective in two respects. It does not allege that the act or acts of intercourse occurred within this state, and the petition does not allege, or the record show, that the alleged father has failed to render support. Hence, the circuit court has no jurisdiction.

For these reasons, the trial court erred in failing to quash the service of the petition and citation.

The peremptory writ shall issue.