**Regalado S. FLORENDO, Plaintiff,**

v.

**PAN HEMISPHERE TRANSPORT, INC.,
a corporation, and John S.
Bottomly, Defendants.**

**No. 75 C 3745.**

United States District Court,
N. D. Illinois, E. D.

July 30, 1976.

Paul F. Stack of Katten, Muchin, Gitles, Zavis, Pearl & Galler, Chicago, Ill., for plaintiff.

Dennis C. Waldon of Roan & Grossman, Chicago, Ill., for Pan Hemisphere.

John S. Bottomly, pro se.

## MEMORANDUM OPINION

GRADY, District Judge.

In this diversity case, plaintiff seeks to rescind the purchase from defendants of a limited partnership interest in Madison Shipping Development for failure to comply with the Illinois Securities Law of 1953, Ill.Rev.Stat. ch. 121½ § 137.1 et seq. Before the court are defendants' motions to dismiss for lack of in personam jurisdiction.[1] Because the motions are accompanied by evidentiary matter, we shall treat them as motions for summary judgment. For the reasons stated below, they will be denied.

Under Fed.R.Civ.P. 4(d)(7), the territorial limits of this court's jurisdiction are those prescribed by the Illinois Long-Arm Statute, Ill.Rev.Stat. ch. 110, § 17, which reads:

(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:

(a) The transaction of any business within this State;

(b) The commission of a tortious act within this State;

\*  \*  \*  \*  \*  \*

(3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which

jurisdiction over him is based upon this Section.

Defendants assert that they had no contact with Illinois and are therefore beyond this court's jurisdiction. By affidavit they state that Rodman G. Price, the investment counselor who solicited the sale from plaintiff in Illinois, was not authorized to solicit the sale. Defendants also deny that they or their agents personally solicited the sale from plaintiff, that they were present in Illinois in connection with the sale, or that they had any telephone or mail contact with plaintiff prior to the sale. They therefore assert that they were not transacting business in Illinois and thus that the jurisdictional requirement of subsection (1)(a) has not been met.

However, we need not reach that question to decide this motion. Although the parties have argued the motion as though that subsection were the only one under which defendants could be brought within the court's jurisdiction, in our view jurisdiction exists over defendants under subsection (1)(b) because of the commission of a tortious act in Illinois.

There are two prerequisites to this subsection. First, the acts alleged must constitute a tort. Second, the tortious act must have been committed within Illinois. We will discuss each of these elements in turn.

■ The definition of a "tortious act" as used in the statute is not limited to those acts which constituted torts at common law. Rather, it encompasses any act that constitutes a breach of duty to another imposed by law. *Poindexter v. Willis,* 87 Ill.App.2d 213, 231 N.E.2d 1 (1967). Other cases in which acts have been held to be tortious under the statute even though they did not constitute common-law torts have included violation of the antitrust laws, *United States v. American Association of Orthodontists,* 396 F.Supp. 565 (N.D.Ill.1975), and violation of the patent laws, *Honeywell, Inc. v. Metz Apparatewerke,* 509 F.2d 1137 (7th Cir. 1975); *Welch Scientific Co. v. Hu-*

1. Defendants moved to dismiss the complaint on the additional ground that the complaint was not alleged with sufficient specificity. The alleged defects are cured by the filing of the second amended complaint.

*man Engineering Institute, Inc.*, 416 F.2d 32 (7th Cir. 1969).

■ In the present case, plaintiff alleges that defendants breached a duty to register the sale of a security to him, that the duty was imposed by the Illinois Securities Act and that the Act provides him with a remedy against defendants. Defendants have not challenged the substance of plaintiff's allegations and therefore we assume for present purposes that they constitute a claim on which relief can be granted. Accordingly, we hold that the claim stated by the complaint is one in tort.

■ The second requirement of Section 17(1)(b) is that the tortious act be committed in Illinois. Again, since defendants have not challenged plaintiff's claim, we assume for present purposes that it is valid and therefore that defendants had a duty to register the sale in Illinois. *Cf. Technical Publishing Co. v. Technology Publishing Corp.*, 339 F.Supp. 225 (N.D.Ill.1972). As the statute has been interpreted by both state and federal courts, neither the absence of defendants from Illinois when the tort was committed nor the fact that the tort was committed by an omission rather than an affirmative act prevent this requirement from having been met.

In the leading case of *Gray v. American Radiator and Standard Sanitary Corp.*, 22 Ill.2d 432, 176 N.E.2d 761 (1961), the court held that its jurisdiction extended to a manufacturer whose only contact with Illinois was that a component part negligently manufactured by it was included in a water heater which was sold to the plaintiff in Illinois. The suit was brought by plaintiff after she was injured by an explosion of the heater. The court held that the tortious act was committed in Illinois because that was where the injury occurred.

*Gray* has been followed in this district, both in cases of personal injury caused by defective products, *Keckler v. Brookwood Country Club*, 248 F.Supp. 645 (N.D.Ill. 1965), and in non-personal injury cases. In *Jack O'Donnell Chevrolet, Inc. v. Shankles*, 276 F.Supp. 998 (N.D.Ill.1967), the court held that jurisdiction existed over a bank in

Alabama that conspired with a depositor to honor only those checks which he gave specific authority to honor. In carrying out this conspiracy, the bank wrongfully dishonored a check payable to the plaintiff, an Illinois corporation.

Jurisdiction has also been held to exist over a German corporation that, without entering Illinois, had induced the infringement of a patent in Illinois. *Honeywell, Inc. v. Metz Apparatewerke*, 509 F.2d 1137 (7th Cir. 1975). The court applied the *Gray* rule that the situs of the tort was the place of injury.

Because the injury took place in Illinois, the court in *Southeast Guaranty Trust Co. v. Rodman & Renshaw, Inc.*, 358 F.Supp. 1001 (N.D.Ill.1973), also held that the tortious act had taken place in Illinois. In that case, the defendant's agent, who was outside Illinois, had committed a tortious act by giving erroneous information concerning a securities purchase over the telephone to the plaintiff in Illinois.

Finally, in *Poindexter v. Willis*, 87 Ill. App.2d 213, 231 N.E.2d 1 (1967), the court held that the omission of the defendant, who remained out of state, to take an action in Illinois met the requirements of subsection (1)(b). In that case, the defendant, the father of an illegitimate child, had failed to make payments to the child's mother, an Illinois resident, as required by the Illinois Paternity Act of 1957.

These cases compel the conclusion that defendants have subjected themselves to the jurisdiction of this court. Because the injury suffered by plaintiff in making a purchase of securities unregistered by the seller took place in Illinois, that state was the situs of the tortious act.

Our final inquiry is whether due process is violated by requiring defendants to litigate the claim against them in this court. The issue here is essentially one of fairness—in the oft-quoted words of Chief Justice Stone, whether the defendants have "certain minimum contacts with [the forum] such that the maintenance of the suit

does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), *quoting Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940).

■ One test of fairness is whether the possibility of being sued in the forum was foreseeable. In *Gray*, the court held that defendant should have contemplated when it released its product in the channels of commerce that it might subsequently enter a state in which the defendant did not do business. Agreeing with *Gray*, Judge Decker in *Keckler v. Brookwood Country Club*, 248 F.Supp. 645, 649 (N.D.Ill.1965), wrote:

> When a manufacturer voluntarily chooses to sell his product in a way in which it will be resold from dealer to dealer, transferred from hand to hand and transported from state to state, he cannot reasonably claim that he is surprised at being held to answer in *any* state for the damage the product causes. Nor can he deny the substantial interest of the injured person's state in providing a convenient forum for its citizens.

In this case, the possibility of being sued in Illinois was even more foreseeable than it was for the defendants in those cases. There the defendants merely released a product into nationwide channels of commerce and could contemplate that it might ultimately be bought by a purchaser in some other state. Here defendants sold an interest in a limited partnership to a specifically identified purchaser residing in Illinois.

Another test of fairness is whether defendants invoked the benefits and protections of the laws of Illinois. Defendants availed themselves of the privilege of selling a security to an Illinois resident. It is certainly fair under the circumstances to require them to litigate a controversy concerning that sale in Illinois.

Accordingly, the motions of defendants for summary judgment are denied.