YOLANDA HIGGENBOTTOM, Plaintiff-Appellee, *v.* ROBERT VAN VEIGA, SR., Defendant-Appellant.

First District (2nd Division)   No. 77-1280

Opinion filed April 11, 1978.

P. Scott Neville, Jr., of Howard, Mann & Slaughter, of Chicago, for appellant.

Matthew F. Kennedy, Jr., of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This appeal arises from an order entered by the circuit court of Cook County, reinstating a paternity action filed by plaintiff, Yolanda Higgenbottom, against defendant, Robert Van Veiga, Sr. This action had previously been dismissed on defendant's special appearance and motion to dismiss which alleged that plaintiff's action was not commenced prior to the expiration of the applicable period of limitation. Ill. Rev. Stat. 1975, ch. 106 3/4, par. 54.

On November 23, 1976, plaintiff filed a paternity action against defendant. The complaint alleged, *inter alia*, that plaintiff gave birth to a male child on April 3, 1973; that defendant, who was unmarried and a resident of Washington, D.C., was the father of said child born out of wedlock; and that defendant had acknowledged the paternity of said child to plaintiff and others, and agreed to support and maintain plaintiff during her pregnancy and thereafter, but has failed to do so. Plaintiff prayed for a reasonable amount of money to be paid by defendant for the support, maintenance, education and welfare of said child and further

requested reimbursement for expenses incurred during pregnancy and compensation for weekly support and maintenance.

Defendant responded to plaintiff's action on March 8, 1977, by filing a special appearance and a motion to dismiss the lawsuit. Through these devices defendant contended that plaintiff's lawsuit had not been commenced within two years of the birth of the child and was, therefore, barred by the applicable statute of limitation. Defendant submitted a memorandum in support of his motion to dismiss and on April 14, 1977, the circuit court entered an order dismissing the action.

Plaintiff, thereafter, filed a motion for rehearing. On July 8, 1977, a hearing was held and the circuit court vacated its order of April 14, 1977, and reinstated plaintiff's action. Defendant then filed a motion to have the reinstatement order certified for immediate appeal to the Illinois Appellate Court. (Ill. Rev. Stat. 1975, ch. 110A, par. 308.) On August 18, 1977, the order was certified for immediate appeal. On November 3, 1977, this court granted defendant permission to file the instant appeal.

This appeal presents, for our resolution, a question concerning the relationship between section 4 of the Illinois Paternity Act (Ill. Rev. Stat. 1975, ch. 106 3/4, par. 54), and section 18 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 19). The relevant portions of these statutory provisions read, respectively, as follows:

"54. Institution of the action.

A proceeding to establish the paternity of a child born out of wedlock and to establish and enforce liability for its support, maintenance, education and welfare shall be instituted in the circuit court. * * * No such action may be brought after the expiration of 2 years from the birth of the child. * * * The time any person so accused is absent from the State shall not be computed."

"19. Absence from state deducted—Exceptions.

If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the times herein limited, after his coming into or return to the state; and if, after the cause of action accrues, he departs from and resides out of the state, the time of his absence is no part of the time limited for the commencement of the action. * * * For purposes of the first sentence of this Section, no person shall be considered to be out of the State or to have departed from the State or to reside outside of the State during any period when he is subject to the jurisdiction of the courts of this State with respect to that cause of action pursuant to Sections 16 and 17 of the 'Civil Practice Act', * * *."

Defendant contends that these statutory provisions must be conjoined

and construed such that defendant's absence from Illinois would not toll the two-year limitations period contained in section 4 of the Paternity Act. If we are to accept this contention we must be persuaded by the following logic: (1) plaintiff was entitled to file a paternity action against defendant within two years after the birth of the child and plaintiff failed to do so, (2) defendant absented himself from Illinois within this two-year period, (3) although pursuant to the language of section 4 of the Paternity Act said absence would appear to have tolled the two-year limitations period, defendant was amenable to process pursuant to the Illinois long arm statute (Ill. Rev. Stat. 1975, ch. 110, pars. 16, 17), in that defendant (for jurisdictional purposes only) committed a tortious act within Illinois from which plaintiff's cause of action arose (*Poindexter v. Willis* (1967), 87 Ill. App. 2d 213, 231 N.E.2d 1), and (4) pursuant to section 18 of the Limitations Act, defendant cannot be deemed to have "departed" from Illinois. Therefore, plaintiff's paternity action was filed in an untimely fashion.

Defendant's position is persuasive. Plaintiff was able to bring defendant within the jurisdiction of the courts of this State pursuant to the long arm statute. (*Poindexter v. Willis* (1967), 87 Ill. App. 2d 213, 231 N.E.2d 1.) We, therefore, should not bar defendant the equal opportunity of utilizing the long arm statute, through section 18 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 19), in a fashion favorable to defendant. Consequently, we hold that under these circumstances, section 18 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 19), is applicable to the Paternity Act (Ill. Rev. Stat. (1975), ch. 106 3/4, par. 54). Defendant, therefore, had not "departed" from the State of Illinois, and plaintiff's paternity action was not commenced in a timely fashion.

Accordingly, the judgment entered by the circuit court of Cook County is reversed and the cause remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

PERLIN and BROWN, JJ., concur.