BARBARA ANN DUNCAN, Plaintiff-Appellant, *v.* MARVIN PAUL DUNCAN, Defendant-Appellee.

Third District   No. 80-314

Opinion filed April 8, 1981.

Jeffrey J. Estes, of Elmwood, for appellant.

John C. Newell, Jr., of Sours, Newell & Nicol, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Peoria County granting the motion of defendant, Marvin Duncan, to quash service of process and dismissing plaintiff Barbara Duncan's petition for post-judgment relief because of lack of in personam jurisdiction over the

defendant. The parties were married in Illinois in 1957. They subsequently moved to Virginia where, in 1971, plaintiff filed for divorce. A final decree of divorce was entered between the parties in Virginia in 1973. When the final decree was entered, plaintiff and the minor children had moved to Illinois and resided there. Defendant became a resident of Colorado in March 1973. The Virginia decree was enrolled in Illinois as a foreign judgment pursuant to the provisions of the Illinois Marriage and Dissolution of Marriage Act. Plaintiff immediately thereafter filed a two-count petition for post-judgment relief seeking in count I enforcement of the Virginia decree's provision for child support and alimony and alleging substantial arrearages, and in count II modification of the child support award. Defendant was duly served with process in Colorado and filed a special appearance and motion to quash service of process. The trial court granted defendant's motion, and plaintiff appealed.

The sole issue on appeal is whether or not the Illinois State courts may exercise in personam jurisdiction over a nonresident, nondomiciliary parent of minor children domiciled in Illinois. This issue was decided in *Boyer v. Boyer* (1978), 73 Ill. 2d 331, 383 N.E.2d 223. In *Boyer*, the parties were divorced in Georgia. The plaintiff moved to Illinois and filed an action to enroll the Georgia decree of divorce in Illinois. She also prayed for an order requiring the defendant to pay arrearages in child support and alimony payments and for a modification of the child support requirements. The defendant filed a special and limited appearance challenging the jurisdiction of the Illinois court and moved to quash the service of process. The trial court refused to exercise jurisdiction and quashed the service. The appellate court reversed, holding that the failure to make the support and alimony payments was a tortious act committed in Illinois, which authorized the Illinois court to exercise jurisdiction for the purpose of recovering the arrearages.

On appeal, the supreme court held that for the Illinois court to exercise jurisdiction, two requirements must be satisfied. The failure to make payments must be a tortious act committed in Illinois, and the exercise of jurisdiction must meet the minimum contact Federal due process requirements. The court, relying on *Kulko v. Superior Court* (1978), 436 U.S. 84, 56 L. Ed. 2d 132, 98 S. Ct. 1690, held that the defendant did not have the minimum contacts with Illinois to meet the due process requirements. The court stated that the quality and nature of the defendant's activities in Illinois were not such that it would have been reasonable and fair to have required him to conduct his defense here. Nor did the defendant in *Boyer* derive any commercial or personal benefit from the presence of his children or ex-wife in Illinois. Therefore, the court held that neither the reasonableness-and-fairness test nor the minimum-contact criterion of due process were met and dismissed the action.

The only difference between *Boyer* and the instant case is that in the instant case the defendant did not continue to reside in the State in which the divorce was granted. Instead he moved to Colorado. Such an action obviously does not make the defendant more amenable to the jurisdiction of Illinois courts.

Plaintiff contends that the defendant has the required contact with Illinois in that the parties were married in Illinois and lived here for a while after the marriage. We disagree. The fact that the marriage took place in Illinois is not sufficient to subject defendant to in personam jurisdiction. In *Kulko*, the parties were married in California, but the Supreme Court held this insufficient to create the minimum contacts which would give the California court jurisdiction. The fact that the parties lived in Illinois for a time after the marriage is not sufficient to give the Illinois court jurisdiction in the instant case. The defendant moved to Virginia many years ago and has had no contact with Illinois since. It would not be reasonable and fair to force the defendant to defend the suit here.

As in *Boyer*, the quality and nature of the defendant's activities in Illinois were not such that it would be reasonable and fair to require him to conduct his defense here. Nor did he derive any commercial or personal benefit from the presence of his ex-wife and children in Illinois. Therefore, the defendant did not have the minimum contacts with Illinois necessary to satisfy the due process requirement of the fourteenth amendment, and the trial court properly quashed the service of process and dismissed the action.

For the abovementioned reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY and HEIPLE, JJ., concur.