THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID FLIEGER, Defendant-Appellant.

Third District   No. 3—83—0813

Opinion filed July 6, 1984.—Rehearing denied August 7, 1984.

Donald K. Birner, of Pekin, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is a paternity action brought against the defendant, David Flieger, pursuant to the provisions of the Illinois Paternity Act. (Ill. Rev. Stat. 1981, ch. 40, par. 1354.) At the time the complaint was filed, the mother and child were, and are, residents of Tazewell County. The defendant, served with summons in the State of Colorado, filed a special and limited appearance praying that service of summons be quashed because the Illinois court lacked *in personam* jurisdiction.

In an order entered December 9, 1983, the circuit court of Tazewell County denied the defendant's motion to quash and found that this case presents a substantial question of law, the determination of which on appeal would materially advance the litigation. Thereafter, the defendant sought leave to appeal pursuant to Supreme Court Rule 308, which was granted. 87 Ill. 2d R. 308.

The question presented is thus: whether in a paternity action, in which the mother and child are Illinois residents, an Illinois court has *in personam* jurisdiction over a defendant who was served with summons out of State and who is not a resident of Illinois.

In her complaint, the mother states that the alleged father of her child presently resides in Colorado and that she had sexual intercourse with him between December 1979 and January 1980 in New Jersey. She further states that her child was born in New Jersey but that she and her child are currently residents of Tazewell County, Illinois.

In its order denying the defendant's motion to quash, the court appears to indicate that its basis for finding *in personam* jurisdiction over the defendant is section 4 of the Illinois Paternity Act, which states, in pertinent part:

"The action may be filed in the county where the complainant may be so pregnant or delivered, or where the person accused may reside or be found, or in the county where the child re-

sides." Ill. Rev. Stat. 1981, ch. 40, par. 1354.

That paragraph further contains a two-year statute of limitations provision which has recently been declared unconstitutional. (*Pickett v. Brown* (1983), 462 U.S. 1, 76 L. Ed. 2d 372, 103 S. Ct. 2199; *Jude v. Morrissey* (1983), 117 Ill. App. 3d 782, 454 N.E.2d 24.) Following the portion of the paragraph pertaining to the statute of limitations provision is this statement:

"The time any person so accused is absent from or conceals himself within the State shall not be computed." Ill. Rev. Stat. 1981, ch. 40, par. 1354.

■ The defendant has launched his attack against the statute on constitutional grounds, arguing that service of summons on him out of State in the instant paternity action has deprived him of due process because he has no "minimum contacts" with the State of Illinois (*Kulko v. Superior Court of California* (1978), 436 U.S. 84, 56 L. Ed. 2d 132, 98 S. Ct. 1690) and because he has not submitted to the jurisdiction of the Illinois courts by committing any of the acts enumerated in the long-arm statute. Ill. Rev. Stat. 1981, ch. 110, par. 2—209.

The State responds that the defendant had sufficient "minimum contacts" with the State of Illinois to subject him to the jurisdiction of the Illinois courts under the long-arm statute. According to the State, the provision of the long-arm statute which applies to the defendant is:

"(2) The commission of a tortious act within this State." (Ill. Rev. Stat. 1981, ch. 110, par. 2—209(a)(2).)

In support of its position, the State relies on *Poindexter v. Willis* (1967), 87 Ill. App. 2d 213, 231 N.E.2d 1. In *Poindexter*, the complaint alleged that the mother, a resident of Madison County, Illinois, and the father, a resident of the State of Ohio, had intercourse in Champaign, Illinois. The defendant father, served with summons in Ohio, filed a motion challenging the Illinois court's jurisdiction over his person on the ground that he was not amenable to service in Ohio since he was not a resident of Illinois. In *Poindexter*, the court, indicating that the Illinois Paternity Act places a duty on the father of a child born out of wedlock whose paternity is established to support that child, liberally defined "tortious act" under the long-arm statute to include "any act committed in this state which involves a breach of duty to another and makes the one committing the act liable *** in damages." (*Poindexter v. Willis* (1967), 87 Ill. App. 2d 213, 217-18, 231 N.E.2d 1.) The court concluded that "the failure of the father to support an illegitimate child constitutes a tortious act within the meaning of the statute and subjects him to the jurisdiction of the Illi-

nois courts" under the long-arm statute. 87 Ill. App. 2d 213, 218, 231 N.E.2d 1.

The defendant in *Poindexter* raised his objection again in response to an action on the Illinois judgment filed in the Ohio court. (*Poindexter v. Willis* (1970), 23 Ohio Misc. 199, 51 Ohio Op. 2d 157, 256 N.E.2d 254.) The Ohio court found the reasoning of the Illinois court to be persuasive and ruled in favor of the mother.

We decline to follow *Poindexter*, however, and hold that where the only connection between the defendant and the State of Illinois is the present residence of a child who is allegedly his, there are not sufficient minimum contacts to allow an Illinois court to exercise jurisdiction over the person of the defendant.

■ In reaching this conclusion, we note initially that the parties appear to be in agreement that the only possible applicable provision of the long-arm statute is that pertaining to the commission of a tortious act. In *Poindexter*, the court found that the defendant father had breached his duty to support his child and thus had committed, for purposes of the long-arm statute, a tortious act. The error in this reasoning is that it assumes as true that which the plaintiff is seeking to prove. We are concerned here with a proceeding to establish paternity. Where paternity is disputed, the father of an illegitimate child may have a moral duty to support that child, but his legal duty of support only commences once paternity is established in an action such as the one in the instant case. (Ill. Rev. Stat. 1981, ch. 40, par. 1352; *Cessna v. Montgomery* (1976), 63 Ill. 2d 71, 344 N.E.2d 447.) It is apparent that if in fact the named defendant is not the father, then there was no legal duty for him to breach.

In the instant case, the defendant has had no contact whatsoever with the State of Illinois. Although it is alleged in the complaint that the defendant made one payment to the mother while she was in Illinois, that fact, even if true, would still not constitute sufficient minimum contact to say that the defendant has purposely availed himself of the benefits of Illinois law. Moreover, that allegation is denied by the defendant in his affidavit accompanying his motion to quash. At best, it is a disputed question of fact not ruled on and clearly not relied on by the trial court in reaching its decision.

Additionally, the State seeks to rely on *People v. Wunsch* (1916), 198 Ill. App. 437; however, we find that case to be inapposite. In *Wunsch*, the court presumed that the father was found within the city of Chicago when arrested.

■ We turn now to the statutory language on which the trial court appeared to rely in reaching its determination that it had the

power to exercise *in personam* jurisdiction over this defendant. We find that the language in question does not relate to jurisdiction; rather, it is a venue provision rendering venue proper in the county where the child resides, where the defendant resides, or where "the complainant may be so pregnant or delivered." Ill. Rev. Stat. 1981, ch. 40, par. 1354.

Other language found within that paragraph supports this conclusion. Specifically, we refer to the provision for tolling the two-year statute of limitations provision during the time the defendant is not within the State. When the two provisions are read together, it is clear that the first is intended to be a venue provision; otherwise, the second would be meaningless.

Our conclusion is buttressed by another provision within the same paragraph which provides that a complaint filed by a pregnant woman must be accompanied by a sworn affidavit that the alleged father of the child has "threatened to leave the jurisdiction of the State of Illinois because of the pregnancy." (Ill. Rev. Stat. 1981, ch. 40, par. 1354.) One possible purpose for this provision is to allow the Illinois court to act while the defendant is still in its power, despite the fact that the child has not yet been born.

For the reasons stated above, we, therefore, reverse the order of the circuit court of Tazewell County denying the defendant's motion to quash service of process.

Reversed.

STOUDER and SCOTT, JJ., concur.