*In re* MARRIAGE OF NANCY J. MOBLEY, Petitioner-Appellant, and CRAIG A. MOBLEY, Respondent-Appellee.

Fifth District   No. 5—89—0641

Opinion filed March 27, 1991.

John A. Clark, of Croegaert, Clark & Hough, Ltd., of Olney, for appellant.

Charles Bradley Vaughn, of Vaughn & Vaughn, of Olney, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Nancy and Craig Mobley were married while both were in the United States military service. They were stationed at various places and have had a history of marital discord. In 1980, Nancy filed a peti-

tion for dissolution of marriage in Lawrence County, Illinois, and summons was served on Craig in Massachusetts. This action lay dormant for some period of time during which the parties engaged in divorce proceedings in Massachusetts, and then reconciled. The reconciliation efforts were unsuccessful, and in April 1982, Nancy returned to Illinois from Massachusetts with the two children. On April 12, 1982, Craig filed a complaint for separate support in Massachusetts, and apparently the Massachusetts court granted custody of the children to him. On May 5, 1982, Nancy filed a motion for temporary custody in Illinois. Craig filed a special and limited appearance contesting the court's jurisdiction over him, and the court agreed that it had no personal jurisdiction over him. The Illinois court was made aware of the pending action in the Massachusetts court by pleadings and/or affidavits filed by Craig in support of his special limited appearance.

A hearing on Nancy's petition for dissolution was held on July 21, 1982, and on August 6, 1982, the circuit court of Lawrence County entered an order dissolving the marriage between Nancy and Craig and awarding custody of the two minor children to Nancy. The court also found that it was without authority to make a determination as to child support, alimony or division of assets other than those located in Illinois because of its lack of personal jurisdiction over Craig. Craig filed a motion to vacate the judgment which was denied on December 15, 1982. No appeal was taken. Insofar as the record reflects, no further court action was undertaken by either Craig or Nancy during the next six years. Presumably the children have resided with Nancy in Illinois and have received no support from Craig.

On June 6, 1988, Nancy filed a petition for child support and other relief. Craig again filed a special and limited appearance which alleged in part that he had secured a divorce in Massachusetts in October 1983.

On September 5, 1989, the circuit court of Lawrence County held that the August 6, 1982, judgment of that court which granted custody of the two minor children to Nancy was void. Nancy appeals from that order.

■ The trial court relied upon *Davis v. Davis* (1973), 9 Ill. App. 3d 922, 293 N.E.2d 399, and *In re Marriage of Passiales* (1986), 144 Ill. App. 3d 629, 494 N.E.2d 541, in holding that the failure of the trial court to possess *in personam* jurisdiction made the subsequent custody provisions   void for lack of subject matter jurisdiction. While it is true that personal jurisdiction is necessary to impose child support obligations (*Kulko v. California* (1978), 436 U.S. 84, 91-92, 56 L. Ed.2d 132, 140-41, 98 S. Ct. 1690, 1696-97; *Boyer v. Boyer* (1978), 73

Ill. 2d 331, 383 N.E.2d 223; *Duncan v. Duncan* (1981), 94 Ill. App. 3d 868, 419 N.E.2d 700), the same is not true with regard to orders establishing or modifying custody arrangements under the Uniform Child Custody Jurisdiction Act (Act) (Ill. Rev. Stat. 1989, ch. 40, par. 2101 *et seq.*).

■■ Section 4 outlines the bases of subject matter jurisdiction under the Act:

"§4. Jurisdiction. (a) The circuit courts have jurisdiction to make a child custody determination by initial or modification judgment if:

1. this State

(i) is the home state of the child at the time of commencement of the proceeding, or

(ii) had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State; or

2. it is in the best interest of the child that a court of this State assume jurisdiction because

(i) the child and his parents, or the child and at least one contestant, have a significant connection with this State, and

(ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

3. the child is physically present in this State and

(i) the child has been abandoned or

(ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

4. (i) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs 1., 2., or 3., or another state has declined to exercise jurisdiction on the ground that this State is the more appropriate forum to determine the custody of the child, and

(ii) it is in the best interest of the child that this court assume jurisdiction.

(b) A court, once having obtained jurisdiction over a child, shall retain such jurisdiction unless it concedes jurisdiction to a foreign state or none of the parties to the action, including the child, remain in Illinois." (Ill. Rev. Stat. 1989, ch. 40, par. 2104.)

The methods of affording notice and an opportunity to be heard are set out in sections 5 and 6 (Ill. Rev. Stat. 1989, ch. 40, pars. 2105, 2106).

■■ Several courts have held that the fulfillment of the policies of the Uniform Child Custody Jurisdiction Act does not require personal jurisdiction. See *In re Marriage of Schuham* (1983), 120 Ill. App. 3d 339, 458 N.E.2d 559 (and cases cited therein); see also Bodenheimer, *The Uniform Child Custody Jurisdiction Act: A Legislative Remedy for Children Caught in the Conflict of Laws*, 22 Vand. L. Rev. 1207 (1969); Friedman & Marcus, *The Continuing Jurisdiction Dilemma in Interstate Child Custody Disputes*, 70 Ill. B. J. 304 (1982); Schiller, *Uniform Child Custody Jurisdiction in Light of Siegel & New Legislation*, 65 Chi. B. Rec. 72 (1983); Cook, *Jurisdiction in Dissolution of Marriage Cases*, 77 Ill. B. J. 266 (1989).

The trial court's focus only upon the personal jurisdiction aspects of the case was erroneous. While the trial court did refer to the possibility of the effects of the Act in a letter supplementing its order, it apparently gave little or no consideration of those effects to the matters before it.

The record reveals that the trial court had subject matter jurisdiction in 1982 based upon section 4(a)(2) (Ill. Rev. Stat. 1989, ch. 40, par. 2104(a)(2)). Nancy was born in Lawrence County, Illinois, and lived there until she was 13. At that time she moved to Italy with her parents (her stepfather was in the military services). After her first marriage to a navy man failed, she returned to Illinois for over three years. She then enlisted in the armed forces and approximately 18 months later married Craig in Alaska. She and Craig had lived in Alaska and Massachusetts before her return to Illinois with the children in 1982. During her time in the service, Nancy listed Illinois as her permanent residence and voted in Illinois elections only. Nancy's mother testified that she, her other children, her mother, and several other relatives all lived in Lawrence County, Illinois, and had lived there for many years.

■ The above facts were enough to establish jurisdiction in Illinois since the children and at least one parent had

"a significant connection with this State, and

(ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships." (Ill. Rev. Stat. 1989, ch. 40, pars. 2104(a)(2)(i), (a)(2)(ii).)

940

In view of the foregoing we find that the trial court erred in holding that the 1982 judgment with regard to the custody of the children was void, and we reverse on that issue. However, we do affirm the trial court's ruling that Craig has not subjected himself to the *in personam* jurisdiction of Illinois for purposes of Nancy's petition for child support payments. See *Boyer v. Boyer* (1978), 73 Ill. 2d 331, 383 N.E.2d 223.

Affirmed in part; reversed in part.

LEWIS and HOWERTON, JJ., concur.