### Melissa A. Thomas v. E. A. Morgan.

1. STATUTE OF LIMITATIONS—*Not to Be Raised by Demurrer.*—When the fact appears on the face of the declaration that the cause of action sued upon is barred by the statute of limitations and no exceptions are alleged to prevent the running of the statute, in order to take advantage of the statute, under the practice in this State, the defendant must plead the matter by special plea.

2. PLEADING—*Matters in Discharge or in Confession and Avoidance to be Affirmatively Pleaded.*—In all actions of trespass, whether to the person, or to personal or real property, matters in discharge or in confession and avoidance of the action must be specially pleaded.

3. SAME—*Statute of Limitations in Trespass to the Person.*—The statute of limitations in actions of trespass to persons can not be raised by demurrer but must be specially pleaded.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed September 11, 1901.

C. C. LEFORGEE and HUTCHINSON & LEE, attorneys for plaintiff in error.

B. F. SHIPLEY and I. A. BUCKINGHAM, attorneys for defendant in error.

Mr. Presiding Justice Burroughs delivered the opinion of the court.

On February 8, 1898, plaintiff in error brought suit in the Circuit Court of Macon County, Illinois, against defendant in error, in an action of trespass, in which the declaration is as follows :

"Melissa A. Thomas by her attorneys * * * complains of Elijah A. Morgan, the defendant, for that whereas, on, to wit, October 2, A. D. 1894, and prior to that time, he was a practicing physician in the town of Maroe in said county and State.   And whereas, the complainant was then and there lying ill at her home in the said town of Maroe, and was then and there the patient of said defendant, who had been waiting upon and administering to her professionally from the 23d day of July, A. D. 1894, until said 2d of October, A. D. 1894, and whereas, it was his duty then and there to use his skill as a physician to then and there aid in the recovery of the complainant from her illness, yet in violation of said duty, contriving and wickedly intending to injure complainant, he wrongfully, wickedly and cruelly made a brutal assault with force and arms in and upon complainant, and then and there carnally knew her.   By means whereof she then and there grew sick and sore and languished for many months thereafter, so that her life was despaired of, and has remained from thence hitherto in a feeble and precarious state of health by means of the shock there received by her from the said defendant in the said brutal and wicked assault upon her.   And whereas, she has from the time of the said assault by means thereof suffered great mental anguish and physical and bodily pain, and has been deprived thereby of the strength she was, before said illness and assault, possessed of to earn her livelihood as she was before that time accustomed to do.

And whereas, she was compelled thereby to change climate and pay out large sums of money, and did necessarily pay out large sums of money for nursing, medicine, physicians and traveling expenses, to wit, the sum of $300, in and about seeking to regain her health of which she had so cruelly and wickedly been deprived by said defendant—to the damage of the plaintiff of $10,000—and therefore she brings this suit."

To which the defendant interposed a general and special demurrer, the only special cause stated being, " that in and

Thomas v. Morgan.

by said declaration the supposed cause of action accrued more than two years before the commencement of this suit, as appears on the face of the declaration." The demurrer being sustained, plaintiff excepted, stood by her declaration, and judgment was given against her for costs.

To effect a reversal of the judgment and obtain a remanding of the case, she prosecutes this writ of error and insists that the court improperly sustained the demurrer to the declaration, and improperly gave judgment against her, when her declaration set forth a good cause of action, which was admitted by the demurrer.

It is insisted by plaintiff that the cause of action disclosed in the declaration is governed by section 15 of our Statute of Limitations, where it is provided that all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrues, while defendant claims that it is governed by section 14 of the statute, which expressly provides that "actions for damages for an injury to the person * * * shall be commenced within two years next after the cause of action accrued."

That the cause of action upon which plaintiff sues in this case is governed by the two years limitation mentioned in section 14, there can be no doubt, for by the declaration she claims damages for an alleged injury to her person, and such claims being provided for by section 14, are not governed by section 15, as insisted by plaintiff in error.

Plaintiff further insists that even if the claim upon which she sues was barred under section 14 when she began her suit, and that appears upon the face of the declaration, yet in order for the defendant to take advantage of the bar of the statute, he was compelled, under the practice in this State, to do so by special plea, and should not have been permitted, as he was by the trial court, to do so by demurrer.

Our statute of limitations has a number of exceptions which prevent a cause of action from being barred, as otherwise therein provided, among which are the following:

"Section 18. If, when the cause of action accrues against a person he is out of the State, the action may be commenced within the times herein limited, after his coming into or return to the State; and if, after the cause of action accrues, he departs from and resides out of the State, the time of his absence is no part of the time limited for the commencement of the action."

"Section 21. If the person entitled to bring an action, mentioned in the nine preceding sections, is, at the time the cause of action accrued, within the age of twenty-one years, or if a female, within the age of eighteen years, or insane, or imprisoned on a criminal charge, he or she may bring the action within two years after the disability is removed."

Mr. Chitty, in his admirable work on pleading, states the rule to be, "in all actions of trespass, whether to the person, personal or real property, matters in discharge or in confession and avoidance of the action must be specially pleaded; as accord and satisfaction, arbitrament, release, former recovery, or to an action for assault, a magistrate's certificate of acquittal of the assault, or tender of sufficient amends. So the statute of limitations, which in trespass to persons is, that the defendant was not guilty within four years, and to trespass to personal or real property within six years, must be specially pleaded."

In Gebhart v. Adams, 23 Ill. 397, where the action was debt to recover the statutory penalty for cutting timber, Mr. Justice Breese, in delivering the opinion of the court, said:

"It is now well settled that the statute of limitations must be specially pleaded, however contrary it may be to the original design of the statute, to all actions of a personal nature. It can not, by demurrer to the declaration, be used as a defense. * * * In the case of Johnson v. The United States, 3 McLean, 89, the court held, when there is a bar under the statute, it must be pleaded, and this seems to be the tenor of the decisions of all the courts in modern times."

And in People v. Herr, 81 Ill., at page 126 of the opinion, the decision in Gebhart v. Adams, 23 Ill. 397, was approvingly referred to.

Thomas v. Morgan.

In Emory v. Keighan, 88 Ill. 482, where the action was ejectment, Mr. Justice Dickey said (p. 486):

"But it is insisted that the statute of limitations can not avail unless it be pleaded. The general rule is, that the statute must be pleaded, and the reason of the rule is that al defenses of confession and avoidance must be affirmatively pleaded."

In People ex rel. v. Boyd, 132 Ill. 60, a quo warranto proceeding, it was held that where the petition or declaration discloses the proper facts, the bar of the statute of limitation may be interposed by demurrer. Which, we take it, means that where the petition or declaration on its face shows that the time of the statute has run against the cause of action therein stated, and also shows that the case is not within any of the exceptions of the statute applicable to such cause of action, then the bar of the statute may be invoked by demurrer as well as by plea.

In Gunton v. Hughs, 181 Ill. 132, where the action was case for a libel, Mr. Justice Carter said (p. 134):

"In order to avoid the effect of the defendant's plea of the statute of limitations, which has been filed to the declaration before it was amended, the plaintiff, pursuing the rules governing equity pleading, amended his declaration and undertook to confess and avoid that branch of the defense.

"No authority at common law has been cited, and we know of none, which would sustain the method of pleading resorted to in this case. Such a rule prevails in several States under codes, but the practice in this State has always been, as at common law, for the plaintiff to reply specially to matters pleaded as a defense by way of confession and avoidance, and section 32 of the practice act recognizes the propriety of such replications.

"In Chitty's Pl., 496, it is said: 'It was always necessary to plead the statute of limitations specially.' In 13 Ency. of Pl. & Pr., 200, the author says: 'In actions at law, as contradistinguished from actions under the code, it has always been the established rule that if the defendant desires to avail himself of the statute of limitations as a bar to the demand in suit, he must plead the defense. He can not demur to the declaration, even where it appears on its face that the limitation prescribed by the statute has expired, for the principal reason that thereby the plaintiff

would be deprived of the opportunity of replying that the case was within some of the exceptions to the statute, or any other matter which would prevent the bar from attaching.' Such, of course, is the rule; and as the defendant can not, at law, raise the question by demurrer whether the action is barred or not, but must plead the statute if he wishes to avail himself of it, it follows as a logical sequence, that the plaintiff can not avail himself of matter in avoidance of the statute by pleading such matter in his declaration before the statute has been set up as a bar by plea. * * * The distinctions between common law and equity pleadings are well defined and well understood by the legal profession, and can not be ignored. The equity cases cited by counsel show only the rule in equity, not the rule at law. As said in Wisconsin Central Railroad Co. v. Wieczorek, 151 Ill. 579, ' Deviations from well settled rules of proceeding are always of questionable expediency, and when indulged because of some inconvenience or supposed hardship, have generally introduced confusion, and by becoming precedents, have led to the preservation of an orderly and just administration of the law.' "

In the case at bar the declaration on its face shows that when the plaintiff commenced her suit more than two years had elapsed since the cause of action stated therein had accrued, but the declaration fails to state any facts from which it appears that the plaintiff's case is not within some one or more of the exceptions enumerated in the statute of limitations applicable thereto, and therefore the Circuit Court erroneously permitted the defendant to invoke the bar of the statute by demurrer to the declaration, when under the allegations thereof the aid of the statute could not be obtained except by plea.

For the error indicated the judgment will be reversed and the cause remanded to the Circuit Court of Macon County for further proceedings not inconsistent with the views herein expressed. Reversed and remanded.