DONALD EARL HUNDT, Admr. of the Estate of MARGARET L. KRUS, Deceased, Plaintiff-Appellant, v. ROBERT L. BURHANS et al., Exrs. of the Estate of ERNEST C. BURHANS, Deceased, Defendants-Appellees.

(No. 72-233; ▮▮▮▮▮▮▮▮▮▮

Third District—August 13, 1973.

Elmo E. Koos, of Peoria, for appellant.

Robert C. Strodel, of Peoria, (Arthur Kingery, of counsel,) for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This matter comes before this court on an appeal from the denial of the trial court to vacate an order dismissing, with prejudice, the second amended complaint of plaintiff.

The original complaint was filed September 16, 1970, alleging that on or about September 16, 1965, defendants' testator secured a written consent from plaintiff's intestate to perform a spinal fusion on her, but thereafter performed an exploration of the spinal cord and rhizotomy of certain posterior nerve roots. That this constituted a trespass and battery on her body and caused her pain and suffering, medical expenses, loss of profits and permanent disability during her lifetime. On motion by defendant, the complaint was dismissed on the finding by the trial court that it was barred by the statute of limitations. No appeal was taken from this finding or dismissal by the trial court. By leave of this court an amended complaint was filed and then a second amended complaint was filed which is the complaint before this court.

The second amended complaint alleged in substance that plaintiff's intestate employed defendants' testator to treat and diagnose a certain condition believed to necessitate a spinal fusion. That she signed a consent authorizing a spinal fusion. That defendants' testator thereafter, on September 17, 1965, performed an exploration of the spinal cord and rhizotomy of certain posterior nerve roots in contrast to the surgical procedure authorized. That as a result of the breach of an alleged contract to perform the spinal fusion, she was compelled to spend large sums of money for medicines, medical and surgical treatment and attendance, X rays, convalescent care and treatment and loss of earnings. No copy of any written instrument was attached to the complaint and no explanation was given for the absence of any such instrument.

Plaintiff in effect makes two arguments. First, that the second amended complaint is suit for breach of contract and that the two year statute of limitations for injury to the person does not apply, and secondly, that if the second amended complaint is subject to the two year statute of limitations there is nothing in the record of this case to affirmatively show that it is barred by said statute.

The original complaint in this case was clearly for injury to the person and was clearly dismissed on the finding by the trial court that it was barred by the two year statute of limitations. That finding and order by the trial court was clearly appealable by plaintiff. Plaintiff accepted that ruling and finding before the trial court by filing his subsequent complaints and we will not now disturb that finding on the basis of the record before this court.

The only question we consider to be before this court is whether the second amended complaint sets forth an action for breach of contract which is not barred by the two year statute of limitations for injury to the person.

Plaintiff cites *Stanley v. Chastek*, 34 Ill.App.2d 220, 180 N.E.2d 512.

That case involved a written instrument, signed by both the doctor and patient reciting a consideration. There were certain references in the written instrument to "this contract", "the contracting party" and "services contracted for herein." While a copy of the written contract was not attached to the complaint, its absence was explained to the satisfaction of the court. That suit was for damages for breach of contract resulting in injury to the plaintiff's teeth. The court held that the plaintiff's complaint stated a cause of action for breach of contract and was not barred by the two year statute of limitations for injury to the person.

We express no opinion on that court's decision under the facts of that case. However, we can find no similarity between that case and the complaint before this court. The only written instrument referred to in the complaint before this court is the content signed by plaintiff's intestate. Neither the consent or any other written instrument was attached to the complaint, nor its absence explained. There is no allegation that the consent or any other written instrument was signed by the defendant's testator; or that any written instrument recites a consideration, or contains any contractual language as in the *Stanley* case.

Next, plaintiff relies on *Doerr v. Villate*, 74 Ill.App.2d 332, 220 N.E.2d 767. In that case the complaint alleged that the plaintiff and the plaintiff's husband had entered into an oral agreement with a doctor for the husband to be sterilized. That the doctor assured and warranted to the plaintiff that the operation would sterilize her husband. That the operation was performed, and in reliance on the assurances and warranties of the doctor, plaintiff and her husband thereafter resumed sexual relations. That as a result thereof a child was born which was both retarded and physically deformed. That as a result the plaintiff became liable for medical expenses and special care for the child. The court held that the action was not for an injury to the person of the plaintiff and was not barred by the two year statute of limitation. In reaching that decision, the court held that the statute of limitations to be applied to a given case is determined by the nature of the injury resulting to the plaintiff. That the plaintiff was not treated by the doctor and was not suing for damages caused by any physical condition of hers resulting from being treated by the doctor.

In this case the plaintiff's intestate was treated by defendants' testator and is suing for damages caused by her physical condition allegedly resulting from that treatment. We agree with the statement in the *Doerr* case that the statute of limitations to be applied is to be determined by the injury resulting to the plaintiff. The injury resulting to the plaintiff's intestate as set forth in the second amended complaint in this case resulted from her physical condition allegedly caused by treatment re-

ceived by her from defendants' testator. Any damagees suffered by plaintiff's intestate are directly traceable to her physical condition as a result of an alleged injury to her person.

■■ *Handtoffski v. Chicage Consolidated Traction Co.*, 274 Ill. 282, 113 N.E. 620, is controlling in this case. The court held that the applicability of the statute of limitations is determined by the injury resulting to the plaintiff and not the form of the action. The court stated:

> "To hold that a suit for damages for injury to the person, when sued for in assumpsit, as for a breach of an implied contract, may be brought within five years after the cause of action had accrued, would be to create arbitrarily a longer period of liability in certain exceptional cases, such as the case at bar, than is established for other cases for personal injuries, in which an action in assumpsit will not lie. Other states have refused to so construe statutes of limitations similar to ours in all essential features, and we think they state the correct rule."

■■ We hold in this case that regardless of the form of the action, the second amended complaint is a suit for damages for injury to the person and is barred by the two year statute of limitations for injury to the person.

Judgment affirmed.

STOUDER, P. J., and DIXON, J., concur.