(No. 61584.—

*In re* MARRIAGE OF DEVELIA HIGHSMITH, Appellant, and LILA R. HIGHSMITH, Appellee.

*Opinion filed January 23, 1986.*

David W. Stuckel, of Harvey & Stuckel, Chtd., of Peoria, for appellant.

Michael E. Massie, of Massie & Steele, of Galva, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Respondent, Develia Highsmith, appealed from the order of the circuit court of Henry County finding him in contempt for nonpayment of child support, and the judgment entered in favor of petitioner, Lila R. Highsmith, in the sum found to be due and owing for child-support payments and attorney fees. The appellate court affirmed (130 Ill. App. 3d 725), and we allowed respondent's petition for leave to appeal (94 Ill. 2d R. 315).

In 1970, while petitioner and respondent were residents of California, their marriage was dissolved and the respondent was awarded custody of their minor child. In 1981 respondent sent the child to live with petitioner's parents in Illinois. He sent to the grandparents a document which read:

"TO WHOM IT MAY CONCERN: I DEVELIA A. HIGHSMITH DO HEREBY GRANT CUSTODY OF MY DAUGHTER DAWN MARIE HIGHSMITH TO LYLE

AND MYRTIS COLLINSON, DAWN'S PARENTAL GRANDPARENTS. LYLE AND MYRTIS COLLINSON HAVE FULL CONTROL OF DAWN'S HEALTH, WELFARE AND EDUCATION FROM THIS DAY FORTH.
[Signature]
DEVELIA A. HIGHSMITH"

Approximately two months later, petitioner registered the California judgment of dissolution in Henry County, and in orders entered upon allowance of her petitions, the judgment was modified awarding petitioner custody of the minor child and ordering respondent to pay $45 per week for her support.

The record shows that petitioner and the minor child were residents of Illinois and that respondent, who was in the United States Navy, was served with notices and copies of the petitions and orders in Virginia. The order directing respondent to pay support money provided that arrangements were to be made with the Navy for allotment checks in payment of the support money to be sent to the Henry County circuit clerk.

In November 1983, petitioner filed a petition for rule to show cause alleging the modification of the judgment of dissolution and arrearage in the amount of $3,062 in the payment of support money. Respondent filed a special and limited appearance to challenge the jurisdiction of the court over his person. He stated that he was a resident of Virginia, had committed none of the acts set forth in section 2—209 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—209), which would voluntarily submit him to the jurisdiction of the court, and prayed that the court quash the rule to show cause and vacate any prior order or judgment entered when the court did not have personal jurisdiction over him.

Following a hearing, the circuit court found that respondent had submitted to the jurisdiction of Illinois courts by his actions, which included sending his minor

child to Illinois, and designating Illinois residents as custodians for her. The court also found respondent in contempt for nonpayment of child support, found the arrearage to be in the amount of $3,690, and entered judgment in that amount plus a sum for attorney fees.

The appellate court affirmed, holding that by sending the child to Illinois, respondent had submitted himself to the jurisdiction of the courts of this State, that his activities in this jurisdiction satisfied the minimum-contacts test, and that his action in sending the child to her maternal grandparents when petitioner had not consented to such action created a situation which virtually guaranteed that custody and support disputes would arise requiring exercise of jurisdiction in Illinois.

Respondent contends here that the circuit and appellate courts erred in holding that the circuit court had personal jurisdiction over him. He argues that he had not committed any acts by which he submitted himself to the jurisdiction of the courts of Illinois and that his contacts with Illinois were insufficient to satisfy the requirements of due process. Petitioner contends that his sending the child to Illinois and providing that the petitioner's parents, residents of Illinois, should have control of the child's health, welfare and education, were sufficient contacts to support the assertion of personal jurisdiction over respondent in matters involving his child, and that the nature of respondent's activities in Illinois were such that it was fair and reasonable to require him to defend the petitions filed in this jurisdiction.

We consider first whether respondent's conduct subjected him to the jurisdiction of the courts of this State. Section 2—209 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—209) provides that any person who in person or through an agent does any of the acts enumerated submits to the jurisdiction of the courts of this State as to any cause of action arising from the

doing of any of such acts. Enumerated as acts which invoke jurisdiction are:

"(1) The transaction of any business within this State;

(2) The commission of a tortious act within this State;

(3) The ownership, use, or possession of any real estate situated in this State;

(4) Contracting to insure any person, property or risk located within this State at the time of contracting;

(5) With respect to actions of dissolution of marriage and legal separation, the maintenance in this State of a matrimonial domicile at the time this cause of action arose or the commission in this State of any act giving rise to the cause of action." Ill. Rev. Stat. 1983, ch. 110, pars. 2—209(a)(1), (a)(2), (a)(3), (a)(4), (a)(5).

In *Nelson v. Miller* (1957), 11 Ill. 2d 378, the court considered the applicability and constitutionality of certain amendments to sections 16 and 17 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, pars. 16, 17). Section 17, as amended, contained substantially the same provisions as section 2—209 of the Code of Civil Procedure. The court said:

"The foundations of jurisdiction include the interest that a State has in providing redress in its own courts against persons who inflict injuries upon, or otherwise incur obligations to, those within the ambit of the State's legitimate protective policy. The limits on the exercise of jurisdiction are not 'mechanical or quantitative.' " *Nelson v. Miller* (1957), 11 Ill. 2d 378, 384.

"Sections 16 and 17 of the Civil Practice Act reflect a conscious purpose to assert jurisdiction over nonresident defendants to the extent permitted by the due-process clause." 11 Ill. 2d 378, 389.

"The jurisdictional fact, in the language of section 17(1)(b), is 'the commission of a tortious act within this State.' The word 'tortious' can, of course, be used to describe conduct that subjects the actor to tort liability. For its own purposes the Restatement so uses it. (Restatement, Torts, sec. 6.) It does not follow, however, that the

word must have that meaning in a statute that is concerned with jurisdictional limits." 11 Ill. 2d 378, 391-92.

"It is unnecessary to interpret section 17(1)(b) as conferring jurisdiction only where the defendant's conduct in the State gives rise to liability to the plaintiff in tort." 11 Ill. 2d 378, 393.

Consistent with the interpretation of the statute in *Nelson* the appellate court has held that the failure of the father to support an illegitimate child is a tortious act which subjects him to jurisdiction of the courts of this State. (*Higgenbottom v. Van Veiga* (1978), 59 Ill. App. 3d 189; *Poindexter v. Willis* (1967), 87 Ill. App. 2d 213.) The Federal courts have held that a "tortious act" as used in the statute encompasses any act which constitutes a breach of duty to another imposed by law. *Florendo v. Pan Hemisphere Transport, Inc.* (N.D. Ill. 1976), 419 F. Supp. 16; *United States Dental Institute v. American Association of Orthodontists* (N.D. Ill. 1975), 396 F. Supp. 565; *Honeywell, Inc. v. Metz Apparatewerke* (7th Cir. 1975), 509 F.2d 1137; *Welch Scientific Co. v. Human Engineering Institute, Inc.* (7th Cir. 1969), 416 F.2d 32.

As construed in *Nelson* and the opinions of the appellate and Federal courts, the provisions of section 2—209(a)(2) conferred jurisdiction on the circuit court. Respondent was granted custody of his minor child in a judgment of dissolution, and implicit in the award of custody was the obligation to provide for her support. The record reflects no modification of the dissolution judgment prior to her removal to Illinois, and respondent's unilateral bestowal of custody on the child's maternal grandparents did not terminate the duty to support. He effected physical removal of the child to Illinois, and the failure to provide for her support here constituted tortious conduct within the contemplation of the statute.

We consider next the question whether respondent's

contacts with this State were such that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." (*International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158.) In *Shaffer v. Heitner* (1977), 433 U.S. 186, 53 L. Ed. 2d 683, 97 S. Ct. 2569, the Supreme Court held that the inquiry into the State's jurisdiction must consider whether the defendant's contacts with the State are such as make it reasonable to require him to defend the particular action and that whether due process is satisfied depends upon the quality and nature of the activity in the jurisdiction.

Citing *Kulko v. Superior Court of California* (1978), 436 U.S. 84, 56 L. Ed. 132, 98 S. Ct. 1690, *Boyer v. Boyer* (1978), 73 Ill. 2d 331, and *People ex rel. Mangold v. Flieger* (1985), 106 Ill. 2d 546, respondent argues that his only contact with Illinois was that he permitted the child to move to Illinois to live with her grandparents. We do not agree. We find the cases cited clearly distinguishable. In *Kulko*, the father, over whom it was sought to assert jurisdiction, merely acquiesced in the children's removal to California to live with their mother. In *Boyer*, the defendant's former wife had moved from Georgia to Illinois and there was no act of the defendant by which he purposefully availed himself of the benefit and protection of the laws of Illinois. Similarly, in *Mangold* there was no such action on the part of the defendant. Here, respondent, without seeking a modification of the judgment of dissolution in California, purported to transfer custody of the child and effected her removal to Illinois. In *Connelly v. Uniroyal, Inc.* (1979), 75 Ill. 2d 393, the court held that if a defendant elected to sell its products for ultimate use in another State, it was not unjust to hold it answerable there for any damage caused by defects in those products. Similarly, respondent, having effected the removal of the child from California to Illinois

without obtaining a modification of the California judgment of dissolution awarding custody and, having purported to transfer custody to her maternal grandparents without making provision for her support, was answerable in Illinois proceedings concerning her custody and support. We hold that respondent's activities constitute sufficient contacts to satisfy the requirements of due process.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*