TEMICA WILLIAMS a/k/a Rebecca Jean Holloway, Plaintiff-Appellant, v. MUHAMMAD ALI, Defendant-Appellee.

First District (4th Division) No. 85—964

Opinion filed June 12, 1986.

Theodore H. Zimmerman, of Chicago, for appellant.

Hopkins & Sutter, of Chicago (Michael M. Conway, of counsel), for appellee.

PRESIDING JUSTICE LINN delivered the opinion of the court:

Plaintiff, Temica Williams, also known as Rebecca Jean Holloway, appeals from a circuit court order dismissing count I and striking count II of her amended complaint against defendant, Muhammad Ali. Count I of plaintiff's amended complaint sets forth an action in tort for sexual assault. Defendant's motion to dismiss asserts that the claim was barred by the statute of limitations (Ill. Rev. Stat. 1981, ch. 110, par. 13—202). The challenged order also granted Ali's motion to strike count II of plaintiff's amended complaint as immaterial, presumably because the sole remedy of the minor child allegedly fathered by defendant is a claim for support under the Paternity Act and not an action in tort as claimed in the amended complaint.

We affirm the decision of the circuit court of Cook County.

BACKGROUND

Temica Williams (Williams) originally brought this action against Muhammad Ali (Ali) on April 2, 1981. She filed her amended complaint on September 21, 1982. In count I of her amended complaint, Williams seeks actual, punitive and exemplary damages from Ali for his alleged sexual assault of her when she was still a minor. The acts complained of assertedly began in the year 1975, and Williams alleges that she became pregnant with Ali's child sometime in 1976. The record discloses that she gave birth to a son, Osmon Caliph Williams, on July 10, 1977. Although Williams claims that she was 12 years old in 1975, the information she provided for her son's birth certificate in 1977 indicates that she was 17 years old at the time the child was born. As a result, Williams would have reached majority on or before July 10, 1978.

In count II of her amended complaint, Williams alleges that she and her minor child were abandoned by Ali on March 1, 1978. Consequently, she seeks in count II support and damages from Ali on behalf of the minor child. Ali's paternity has not been established in this case.

On February 23, 1984, Ali filed a motion to dismiss both counts of Williams' amended complaint. Ali alleged that count I was barred by the two-year statute of limitations governing personal injury actions (Ill. Rev. Stat. 1981, ch. 110, par. 13—202) since Williams failed to file her action within two years of reaching majority (Ill. Rev. Stat. 1981, ch. 110, par. 13—211). Ali also argued to dismiss count II of the amended complaint on the ground that a prior action for paternity

had already been filed in the municipal division of the circuit court of Cook County. That paternity complaint was dismissed without prejudice by the circuit court on April 9, 1984, pursuant to Williams' own motion. Consequently, Ali withdrew his motion to dismiss count II and, on July 27, 1984, filed in its place a motion to strike count II pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615) arguing that the minor child's sole remedy was statutory under the Paternity Act for support only, and that the minor had no cause of action in tort.

On December 19, 1984, the circuit court granted Ali's motions to dismiss count I and strike count II of Williams' amended complaint. Williams' motion for reconsideration was denied on March 4, 1985, and on April 2, 1985, Williams filed notice of appeal from the December 19, 1984, order disposing of her cause of action. In her initial brief on appeal and at oral argument, Williams conceded that: (1) she had reached majority on or before July 10, 1978; and (2) the sole remedy of her minor child, Osmon Caliph Williams, is a claim for support under the Paternity Act.

OPINION

■ The sole issue before this court is whether Williams' action for sexual assault is barred by the statute of limitations. Section 13—202 of the Code of Civil Procedure states in part that:

"Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or for criminal conversation, shall be commenced within two years next after the cause of action accrued ***." (Ill. Rev. Stat. 1981, ch. 110, par. 13—202.)

It has long been a tenet of Illinois law that a civil action for sexual assault falls within this two-year limitation period. (*Thomas v. Morgan* (1901), 96 Ill. App. 629 (where a female plaintiff's action for damages resulting from "assault with criminal knowledge" was governed by the two-year statute of limitations).) In addition, since Williams also claims that she was a minor at the time the alleged cause of action accrued, she had two years from the date of her reaching majority in which to bring this action. Ill. Rev. Stat. 1981, ch. 110, par. 13—211.

According to Williams' complaint, the acts complained of began in 1975. In any event, they could not have occurred at any time after March 1, 1978, the date that Ali allegedly abandoned Williams and her minor child. Although Williams claims that she was a minor when Ali allegedly sexually assaulted her, she admits that she reached ma-

jority on or before July 10, 1978. This being so, and given the fact that Williams filed this action on April 23, 1981, under the perceived application of the above rules, Williams has admittedly failed to file her action within the statutory two-year period. Consequently, unless we are to espy some legally recognizable principle to the contrary, we must necessarily conclude that Williams' action is barred.

In the instant case, Williams has erroneously attempted to resuscitate her action for sexual assault by linking it to Ali's failure to support her minor child. Williams contends that she was injured because she was forced to support her minor son, Osmon Caliph Williams, allegedly born as a consequence of Ali's sexual assault upon her. Thus, according to Williams, Ali's failure to support her minor son resulted in a tort against her. Williams has, however, conceded that no Illinois case has ever recognized her theory that an alleged parent's failure to support a minor child results in tort liability against the custodial parent. She has also conceded that Ali's paternity, although alleged, has not been established.

In our view, Williams is actually alleging a new tort in an effort to breathe life into her stale claim for sexual assault. Williams fashions this new claim as a consequence of the underlying sexual assault, which she alleges against Ali. We note that in *In re Marriage of Highsmith* (1986), 111 Ill. 2d 69, our supreme court recognized the failure to support a child as a tortious act for the limited purposes of subjecting a noncustodial parent to jurisdiction under the Illinois long-arm statute (Ill. Rev. Stat. 1985, ch. 110, par. 2—209). There, a father who had never been in Illinois was subjected to *in personam* jurisdiction in an action by his former wife for child support under the section of the Code of Civil Procedure which gives Illinois jurisdiction over a party where that party has committed a tortious act within the State. Ill. Rev. Stat. 1985, ch. 110, par. 2—209(2).

In defining the limits of the exercise of long-term jurisdiction in this context, the *Highsmith* court cited its landmark decision in *Nelson v. Miller* (1957), 11 Ill. 2d 378, 391-92, 143 N.E.2d 673, 680, as follows:

" 'The jurisdictional fact, in the language of section 17(1)(b)[1] is "the commission of a tortious act within this State." The word "tortious" *can*, of course, be used to describe conduct that subjects the actor to tort liability. For its own purposes,

---

[1]Former section 17, as amended, contained substantially the same provisions as section 2—209 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—209).

the Restatement so uses it. (Restatement, Torts, sec. 6.) It does not follow, however, that the word [tort] *must* have that meaning in a statute that is concerned with jurisdictional limits.' " (Emphasis added.) (*In re Marriage of Highsmith* (1986), 111 Ill. 2d 69, 73-74.)

The *Highsmith* court further noted:

"The Federal courts have held that a 'tortious act' as used in the statute encompasses any act which constitutes breach of duty to another imposed by law. *Florendo v. Pan Hemisphere Transport, Inc.* (N.D. Ill. 1976), 419 F. Supp. 16; *United States Dental Institute v. American Association of Orthodontists* (N.D. Ill. 1975), 396 F. Supp. 565; *Honeywell, Inc. v. Metz Apparatewerke* (7th Cir. 1975), 509 F.2d 1137; *Welch Scientific Co. v. Human Engineering Institute, Inc.* (7th Cir. 1969), 416 F.2d 32." *In re Marriage of Highsmith* (1986), 111 Ill. 2d 69.

Although *Highsmith* reaffirms the view expressed by our supreme court that the word "tortious" as used within the well-defined parameters of the Illinois long-arm statute goes beyond the common definition of a tort (see also *Poindexter v. Willis* (1967), 87 Ill. App. 2d 213, 231 N.E.2d 1), we do not read it as creating tort liability against a noncustodial parent for failure to provide child support. Rather, we read *Highsmith* as a method of effectuating jurisdiction where a party's actions in Illinois make it fair and reasonable to require him to defend an action filed against him in this jurisdiction; nothing more, nothing less.

In our view, Williams' new claim is the result of her refusal to bring a paternity action on behalf of her minor son. Our conclusion is based on Williams' repeated references to various sections of the Paternity Act (Ill. Rev. Stat. 1981, ch. 40, par. 1351 *et seq.*) and the Non-Support of Spouse and Children Act (Ill. Rev. Stat. 1981, ch. 40, par. 1101 *et seq.*) to establish Ali's duty of support. Most notably, Williams cites section 2 of the Paternity Act which establishes a father's duty to support his minor children born out of wedlock as if the child had been born in lawful wedlock (Ill. Rev. Stat. 1981, ch. 40, par. 1352), as well as sections 9 and 10 of the Non-Support of Spouse and Children Act which classify the failure to support a minor as a "continuing offense" (Ill. Rev. Stat. 1981, ch. 40, pars. 1112, 1113). Relying on the law of domestic relations, Williams argues that the two-year statute of limitations for injury to the person has not been activated in this case due to the continuing nature of the wrong set in motion by Ali's alleged sexual assault of Williams.

It is abundantly clear to us that Williams has, whether purpose-

fully or inadvertently, confused her son's statutory remedy under the Paternity Act with her remedy in tort for sexual assault. We do not see these two causes of action as being inextricably mixed. Whereas the continuing duty to support is owed to the minor child (Ill. Rev. Stat. 1981, ch. 40, par. 1352), and this is true only upon establishment of Ali's paternity (Ill. Rev. Stat. 1981, ch. 40, par. 1352), Williams herself admits that her damages are ramifying consequences of the alleged sexual assault upon her. As such, we refuse to equate the damages resulting from a father's breach of his statutory duty to support his minor child with those injuries claimed by a mother to be the consequence of the invasion of her person through an act or acts of sexual assault. As we see it, the damages Williams seeks for Ali's failure to support her son would not have been incurred had she pursued an act for paternity on her minor son's behalf. Accordingly, we reach the inescapable conclusion that Williams' action is one for damages resulting from and only from the injuries she sustained due to the act of sexual assault alleged against Ali.

It is well settled that the statute of limitations is determined by the injury resulting to the plaintiff. (*Hundt v. Burhans* (1973), 13 Ill. App. 3d 415, 300 N.E.2d 318.) Accordingly, the injury plaintiff complains of is governed by the two-year limitation period stated in section 13–202 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 13–202; see, *e.g.*, *Thomas v. Morgan* (1901), 96 Ill. App. 629). To adopt Williams' argument that the statute of limitations in this case has not been activated would create an arbitrarily longer period of liability for cases such as the one before us, a practice our supreme court long ago refused to sanction. See *Handtoffski v. Chicago Consolidated Traction Co.* (1916), 274 Ill. 282, 113 N.E. 620.

In conclusion, for all of the reasons stated above and given the facts and circumstances of this case, Williams' action is barred by the statute of limitations and the decision of the circuit court of Cook County is therefore affirmed.

Affirmed.

JOHNSON and McMORROW, JJ., concur.