*In re* MARRIAGE OF DAVID A. CODY, Petitioner-Appellant, and MARGIE R. FEHER, formerly Cody, Respondent-Appellee.

Fifth District    No. 5—92—0823

Opinion filed June 28, 1994.

Robert S. Forbes, of Alton, for appellant.

No brief filed for appellee.

PRESIDING JUSTICE LEWIS delivered the opinion of the court:
Petitioner, David Cody (David), appeals from the trial court's ruling that it had *in personam* jurisdiction over him in the above-captioned case. Respondent, Margie Feher (formerly Cody) (Margie), did not file a brief in this matter, but since David's brief and the record are sufficient to resolve this issue, we will consider this appeal pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493. We reverse the trial court's ruling for the reasons set forth below.

Basically, the facts of this case are as follows: David and Margie were married in the State of Washington, and three children were born of this marriage. During the marriage, the parties resided in the State of Washington. Subsequently, in 1987, the parties were divorced in Pierce County, Washington. Under the divorce decree, Margie was awarded custody of the minor children, and David was ordered to pay child support in the amount of $267 per month per child (a total of $801 per month). Sometime in 1989, Margie moved to Illinois, bringing the parties' three minor children with her. On February 21, 1992, Margie filed in Madison County, Illinois, a petition to enroll a foreign judgment and a petition to increase child support. A notice to appear and produce certain documents was also filed by Margie on that date.

David was served in the State of Washington with the documents and with a summons to appear pursuant to section 2—209(a)(2) of the Code of Civil Procedure (735 ILCS 5/2—209(a)(2) (West 1992)). On March 17, 1992, David filed a special and limited appearance, objecting to the court's personal jurisdiction over him. A hearing was held on David's objection on May 4, 1992. That same day, Margie filed an amended petition to enroll foreign judgment and an amended petition to increase child support. Following the arguments of counsel, the court ruled that it had *in personam* jurisdiction over David, as well as subject matter jurisdiction.

On November 10, 1992, a hearing was held on Margie's petition

to enroll foreign judgment, her petition to increase child support, and her notice to appear and produce. David did not appear, and the court entered a default judgment against him, increasing his child support obligation to $1,800 per month. David appeals, raising as his sole issue that the court erred in ruling that it had *in personam* jurisdiction over him, as he committed no acts which submitted him to the jurisdiction of the courts of the State of Illinois, nor did he have sufficient contacts with the State to justify the assertion of jurisdiction.

From the pleadings and from the arguments of counsel, it was established before the court that Margie allegedly came to Illinois with her minor children at the suggestion or direction of David, since this would place her near her family, thus providing her help and extra support. However, it also appears that Margie removed the children from the State of Washington without the leave of court. There were no allegations in Margie's petition that David was delinquent in his court-ordered child support. In addition, counsel argued that David has had visitation with his children since they came to Illinois, by him providing airplane tickets to the children so that they could fly to Washington and spend the summers with him. When the court ruled that it had *in personam* jurisdiction over David, it found the case of *In re Marriage of Highsmith* (1986), 111 Ill. 2d 69, 488 N.E.2d 1000, to be controlling. The court explained its ruling as follows:

> "Essentially, as both counsel know, the *Highsmith* case stands for the proposition that an individual who takes it upon himself to place the children in the State of Illinois is thereby performing sufficient acts which would subject that individual to in personam jurisdiction. *Highsmith* is somewhat different than the particular factual allegations as contained in the pleadings in that there is no allegation in the particular case before the Court that Mr. Cody himself placed the children in the State of Illinois. However, there are sufficient allegations to indicate that Mr. Cody suggested that Mrs. Cody remove herself and the children from the State of Washington and take up residency in the State of Illinois.
>
> Further, the allegation that this transfer or relocation occurred approximately two and a half years ago, and there being no allegation in the pleadings before the Court that Mr. Cody objected to the removal of the children from the State of Washington to the State of Illinois, nor has [he] taken any action subsequent to September of '89 to effect a return of the children to the State of Washington, those factors considered, it appears to this Court that Mr. Cody has, or his conduct, has constituted tortious conduct within the contemplation of the statute.

Having concluded that[,] then it is up to this Court to determine whether the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice, and ultimately whether the defendant's contacts with the State of Illinois are such as to make it reasonable to require him to defend the particular action and whether due process is satisfied, and depending upon the quality and nature of the activity and the jurisdiction, that being Petition to Increase Child Support.

The Court finds it reasonable to believe that as alleged, an individual who would suggest and agree to removal of the children from one state, that being Washington, to the State of Illinois, would or should also have contemplated that the needs of those children would change within the future. It is therefore the decision of this Court that Mr. Cody's conduct in the subject matter of this particular proceeding does constitute sufficient contacts to satisfy the requirements of due process."

From the foregoing, it is clear that the court attempted to apply the law as it exists in these matters; however, we find that the court erred in its ruling.

■ Under the "long arm" statute (735 ILCS 5/2—209(a)(2) (West 1992)), a court can obtain *in personam* jurisdiction on an out-of-State party if that party committed a "tortious act within this State." However, under the law in Illinois, obtaining jurisdiction under the "long arm" statute is not the only criterion to be met. A court must also consider whether its exercise of *in personam* jurisdiction over the nonresident violates due process, *i.e.*, was the party afforded reasonable notice of the proceedings and were there sufficient contacts between the nonresident party and the forum State so as to make it fair to require that person to defend the action in the forum State. (*Kulko v. Superior Court* (1978), 436 U.S. 84, 56 L. Ed. 2d 132, 98 S. Ct. 1690.) In determining whether the exercise of *in personam* jurisdiction violates due process, each case must be considered on its own facts, and the "quality and nature" of a defendant's activities must be reviewed to see if the exercise of the jurisdiction is fair and reasonable. (*Kulko*, 436 U.S. 84, 56 L. Ed. 2d 132, 98 S. Ct. 1690.) While a party may have established *in personam* jurisdiction through the "long arm" statute, such as was done here, it has been held that if a nonresident had insufficient contacts with the forum State, the exercise of *in personam* jurisdiction violates due process and the nonresident party cannot be reasonably held to defend the action in the forum State. *In re Marriage of Kramer* (1992), 226 Ill. App. 3d 815, 589 N.E.2d 951; *Williams v. Ali* (1986), 145 Ill. App. 3d 458, 495 N.E.2d 1052.

■ Here, the trial court held that David's failure to object to the

removal of his children from Washington to Illinois and his failure to institute some action to effect a return of the children to Washington constituted "tortious conduct" under the "long arm" statute. In the case of *Highsmith*, our supreme court indicated that it was following the Federal courts' interpretation of "tortious act" to encompass any act which constituted a breach of duty to another imposed by law. (*Highsmith*, 111 Ill. 2d at 74, 488 N.E.2d at 1003.) We cannot comprehend what duty David owed to anyone to object to the removal of the children from Washington or what duty David owed to anyone to file a lawsuit to prevent such. Failure to assert personal rights or causes that one may have surely should not constitute a "tortious act." There is nothing inherently wrong or bad and it is not a breach of duty to not make every effort to prevent a custodial parent from moving out of State with the children.

It has been held that sending children, of whom you have custody, into the forum State and giving custody to another without providing for their support is "tortious conduct" and sufficient contact with the State of Illinois to subject a non-resident to *in personam* jurisdiction. (*Highsmith*, 111 Ill. 2d 69, 488 N.E.2d 1000.) Unlike the defendant in *Highsmith*, however, David did not have custody of his children, and David was and is providing support for his children. The "tortious act" in *Highsmith* was the breach of duty on the defendant's part to provide support for his children. Since the defendant in *Highsmith* caused the children to be located in Illinois, he picked the forum in which to be sued or prosecuted for failing to provide support for his children. David, to the contrary, by providing support to his children, is not breaching any duty to them, nor did David select Illinois to be the forum by causing or delivering the children to Illinois. *Highsmith* is distinguishable from the case at bar.

Further, even if we were to conclude that David's inaction constituted "tortious conduct," his activities were not of such quality and nature as to be sufficient minimum contacts with the State of Illinois to warrant making him defend against this cause of action in this State. His acquiescence in Margie bringing the children to Illinois is not sufficient contact, for as the Supreme Court noted in *Kulko*, "[a] father who agrees, in the interest of family harmony and his children's preferences, to allow them to spend more time in California than was required under a separation agreement can hardly be said to have 'purposefully availed himself' of the 'benefits and protections' of California's laws." *Kulko*, 436 U.S. at 94, 56 L. Ed. 2d at 142-43, 98 S. Ct. at 1698.

Here, David may have suggested and agreed to Margie bringing the children to Illinois in the interest of family harmony and because

it would provide Margie help and extra support in conducting her life by allowing her to return to where her family lived. Thus, he may have acquiesced in Margie's actions, but under *Kulko*, this is insufficient contact for exercising jurisdiction. There were no allegations that David was not paying child support ordered under the original decree or that he expected Margie's family to assume support obligations rightfully his, thereby neglecting his duty. All that was sought here was an increase in those payments. Further, David did not discontinue his visitation rights but did evidently agree, as did Margie, to work out a schedule that worked for both of them and allowed David to see his children. David acquired no personal or commercial benefit from his children living in Illinois; he did not spend any time in Illinois, other than perhaps visits to Margie's relatives during the marriage; and it was not he who moved from the forum State of Washington, but it was Margie who chose to leave the State of the marital domicile. This conduct on the part of David is insufficient to constitute sufficient minimum contacts with the State of Illinois, and to require David to defend this action in Illinois is both unreasonable and unfair. Thus, the court erred in exercising *in personam* jurisdiction over David. We reverse the trial court's ruling finding jurisdiction, and we further determine that any order entered after the jurisdictional issue is void for lack of jurisdiction.

Reversed.

RARICK and WELCH, JJ., concur.