In re MARRIAGE OF MARCY L. HOWARD, f/k/a as Marcy L. Bailey, Petitioner-Appellee, and DAVID J. BAILEY, Respondent-Appellant.

Fifth District    No. 5—96—0449

Opinion filed August 18, 1997.

CHAPMAN, J., specially concurring.

Erin E. Reilly, of Lucco, Brown & Mudge, of Edwardsville, for appellant.

Rand S. Hale, of Unsell, Unsell, Schattnik & Hale, of East Alton, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:
Respondent, David J. Bailey, appeals from an order of the circuit

court of Madison County which found that personal jurisdiction existed over respondent. The issues on appeal are: (1) whether respondent had sufficient minimum contacts with Illinois to satisfy due process and establish *in personam* jurisdiction in Illinois; (2) whether the trial court erred in finding that the requirements of the long-arm statute (735 ILCS 5/2—209 (West 1992)) had been met, thereby establishing *in personam* jurisdiction; and (3) whether the child's "home state" is Florida pursuant to the Uniform Child Custody Jurisdiction Act (750 ILCS 35/1 *et seq.* (West 1994)). We reverse the trial court's ruling for the reasons set out below.

I

On or about November 29, 1988, the superior court of Lowndes County, Georgia, entered a final judgment and decree dissolving the marriage between respondent and petitioner, Marcy L. Howard, formerly known as Marcy L. Bailey. The decree, granted as a default judgment, awarded respondent sole custody and control of the parties' minor child, David Macon Bailey. The decree granted petitioner visitation with David Macon in respondent's home. Petitioner testified she was unable to exercise her visitation rights because respondent had a restraining order against her prohibiting her from staying at the marital residence where David Macon resided and that when she attempted to visit the child at the marital residence, respondent called the police to exclude her. Shortly after her exclusion from the marital residence, petitioner returned to Madison County, Illinois. Petitioner further testified that she next attempted to contact David Macon by telephone in Georgia on Christmas of 1988 but the telephone was disconnected. Petitioner was eventually able to locate respondent and David Macon and visited with the child at the former marital residence in Georgia for a week in 1989. In 1990, respondent relocated to Florida. There was no contact between David Macon and petitioner for two years. Eventually, petitioner learned of respondent's address in Florida and resumed corresponding with David Macon; however, petitioner did not visit with the child.

In August 1994, respondent sent David Macon to a private, educational facility known as Mooseheart, near Aurora, Kane County, Illinois. Mooseheart is administered by the Loyal Order of the Moose. Respondent decided to send David Macon to Mooseheart because of the superior quality of the education respondent believed David Macon would receive there. Petitioner was not informed of nor consulted regarding the child's placement at Mooseheart. Upon learning of the child's enrollment at Mooseheart, petitioner resumed contact with David Macon, visited with him once at Mooseheart, and

had a three-week visit with the child at her home in Granite City. Respondent makes several trips a year to Mooseheart to visit David Macon, and the child returns to his home in Florida during lengthy school holidays. Respondent maintains regular telephone contact with David Macon.

On November 9, 1994, petitioner filed a petition to register the case in Illinois, asking the court to register the Lowndes County, Georgia, divorce decree in Madison County for purposes of modifying the decree. A petition for *ex parte* emergency order of protection was also filed but was later denied when found to be facially deficient. Petitioner failed to give notice to respondent regarding the pleadings filed in Illinois until nearly a year later, after filing a second petition for *ex parte* emergency order of protection on October 6, 1995. That petition was summarily dismissed, and David Macon was returned to Mooseheart.

On November 2, 1995, respondent filed a special and limited appearance challenging the court's jurisdiction over the case. A hearing was held on January 18, 1996. The trial court denied respondent's special and limited appearance and assumed jurisdiction, indicating that respondent consented to jurisdiction by voluntarily placing David Macon in the State of Illinois. Respondent filed a motion to reconsider on February 15, 1996. The trial court subsequently denied the motion. Respondent appeals.

II

We first address respondent's contention regarding the long-arm statute.

Respondent contends that the trial court erred in finding that the requirements of the Illinois long-arm statute were met when respondent, by sending his minor child to a residential facility in Illinois, designated presumed Illinois residents as long-term custodians of the minor child and erred in finding that by sending David Macon to a charitable institution, respondent failed to adequately provide support for his son. We agree.

■ Two requirements must be satisfied for Illinois courts to exercise jurisdiction over a nonresident. *In re Marriage of Cody*, 264 Ill. App. 3d 160, 163, 636 N.E.2d 1114, 1116 (1994). First, the nonresident must have committed some act enumerated in the long-arm statute that would submit such person to the jurisdiction of Illinois. 264 Ill. App. 3d at 163, 636 N.E.2d at 1116. Second, the nonresident must satisfy the "minimum contacts" federal due process requirement, *i.e.*, there must be "sufficient contacts between the nonresident party and the forum State so as to make it fair to require that person

to defend the action in the forum State." 264 Ill. App. 3d at 163, 636 N.E.2d at 1116.

■ Section 2—209 of the Code of Civil Procedure, the long-arm statute, provides in pertinent part:

"§ 2—209. Act submitting to jurisdiction—Process. (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

* * *

(9) The failure to support a child, spouse or former spouse who has continued to reside in this State since the person either formerly resided with them in this State or directed them to reside in this State." 735 ILCS 5/2—209(a)(9) (West 1992).

Here, the trial court held that respondent placed the minor child in a charitable residential facility, thereby designating presumed Illinois residents as custodians. The trial court further held that respondent failed to provide for the child's support. Relying on the long-arm statute and the decision in *In re Marriage of Highsmith*, 111 Ill. 2d 69, 488 N.E.2d 1000 (1986), the trial court concluded that the requirements for obtaining jurisdiction over a nonresident party were met.

■ In the record before us, there is no evidence to support the trial court's conclusion that Mooseheart is a charitable institution and that respondent sent David Macon there to evade his responsibility to provide support for his child. Rather, the evidence indicates that Mooseheart is a private boarding school administered by the Loyal Order of the Moose. Respondent chose the facility because of the superior quality of education he believed the school would offer his son. David Macon returns to his home in Florida during school vacations, and respondent visits David Macon regularly at Mooseheart during the school year. Further, sending a minor child to a private boarding school in another state is not indicative of relinquishing custody of that child and designating the administrators of the facility as custodians.

Additionally, respondent has not caused his minor child to reside in the State of Illinois without providing for his support. David Macon has resided with respondent since the divorce in 1988 and returns to respondent during school vacations. Nothing suggests that respondent has neglected his duty to provide support for his son. Accordingly, we conclude that because respondent has not failed to provide

support, there is no basis in the record by which the court could exercise *in personam* jurisdiction over respondent based upon the failure to support a child.

■ Respondent next contends that *in personam* jurisdiction does not exist because his contact with the State of Illinois, sending David Macon to a private boarding school in Kane County, is insufficient to satisfy the "minimum contacts" federal due process requirement. Respondent contends that he committed no act to purposefully avail himself of the privilege of conducting activities in Illinois or to invoke the benefits and protections of the laws of Illinois. Respondent insists that, other than sending his child to a private educational facility that happens to be located here, he has no connection with Illinois from which he should reasonably anticipate being hailed into court here. We agree.

In *Cody*, this court stated, "In determining whether the exercise of *in personam* jurisdiction violates due process, each case must be considered on its own facts, and the 'quality and nature' of a [respondent's] activities must be reviewed to see if the exercise of the jurisdiction is fair and reasonable." *Cody*, 264 Ill. App. 3d at 163, 636 N.E.2d at 1116, quoting *Kulko v. Superior Court*, 436 U.S. 84, 56 L. Ed. 2d 132, 98 S. Ct. 1690 (1978).

Even though a party may establish *in personam* jurisdiction through the long-arm statute, "it has been held that if a nonresident had insufficient contacts with the forum State, the exercise of *in personam* jurisdiction violates due process and the nonresident party cannot be reasonably held to defend the action in the forum State. [Citations.]" *Cody*, 264 Ill. App. 3d at 163, 636 N.E.2d at 1116.

In electing to send David Macon to Mooseheart in order to further the child's educational opportunities, respondent did not purposefully avail himself of the benefits and protections of Illinois's laws. Mooseheart is not a public entity or charitable institution where public funding by Illinois taxpayers may be implicated. Respondent's act of sending his child to Mooseheart is not of such quality and nature as to be sufficient minimum contacts with Illinois. Further, as mentioned above, there is no evidence that respondent has failed to support David Macon while the child attends school at Mooseheart. Significantly, respondent has not spent any time in Illinois other than to visit his son at Mooseheart. Consequently, respondent's personal activities are insufficient to meet the "minimum contacts" requirement. To require respondent to defend this action in Illinois is unreasonable and unfair. Accordingly, the trial court erred in exercising *in personam* jurisdiction over respondent.

■ Lastly, respondent contends that pursuant to the Uniform

Child Custody Jurisdiction Act (the Act) (750 ILCS 35/1 *et seq.* (West 1994)), Florida is the "home state" of the minor child and therefore the State of Illinois lacks subject matter jurisdiction. We agree.

Section 3.04 of the Act defines "home state" as follows:

"§ 3.04. 'Home state' means the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least 6 consecutive months ***; however, periods of temporary absence of any of the named persons are counted as part of the 6-month or other period." 750 ILCS 35/3.04 (West 1994).

"In deciding whether a child 'lived' in a particular State for purposes of determining whether that State qualifies as the child's home State, a court must [examine not only] whether the child was physically in that State[ ] but also[ ] under what circumstances the child came to and remained in the State. *** The word 'temporary' means ' "[t]hat which is to last for a limited time only, as distinguished from that which is perpetual, or indefinite, in its duration." ' [Citations.] The word 'absence' means '[t]he state of being absent, removed, or away from one's domicile, or usual place of residence.' [Citation.] 'Temporary absence' does not connote a particular length of time. Under appropriate circumstances, the term can apply to a period of many months. [Citation.]" *Richardson v. Richardson*, 255 Ill. App. 3d 1099, 1102, 625 N.E.2d 1122, 1124 (1993).

David Macon moved to Florida with respondent in 1990 and remained in Florida until he came to Illinois to attend a private school. When respondent sent the child to Illinois to attend Mooseheart, it was clearly not with the intent that David Macon remain in Illinois. The temporary nature of David Macon's presence in Illinois is further evidenced by his return to respondent's home in Florida during school vacations. Within the context of the facts of this case, we find that the minor child's absence from Florida for educational purposes is temporary and does not divest Florida of jurisdiction as the child's "home state."

For the foregoing reasons, the judgment of the circuit court of Madison County is reversed.

Reversed.

HOPKINS, J., concurs.

JUSTICE CHAPMAN, specially concurring:

I agree with the majority that the record reflects that there is no evidence of a failure to support. I disagree, however, that we need to

682

reach the due process issue. Because the long-arm requirements were not met in this case, there is no need to determine whether jurisdiction is constitutionally permissible under the due process clause. See *Ideal Insurance Agency, Inc. v. Shipyard Marine, Inc.*, 213 Ill. App. 3d 675, 572 N.E.2d 353 (1991).